UNITED CAPITAL INSURANCE COMPANY, Appellant,

v.

BRUNSWICK INSURANCE AGENCY et al., Appellees. █

[Cite as *United Capital Ins. Co. v. Brunswick Ins.
Agency* (2001), 144 Ohio App.3d 595.]

Court of Appeals of Ohio,
Ninth District, Summit County.

No. 20356.

Decided July 11, 2001.

596

*Clifford C. Masch* and *Brian D. Sullivan,* for appellant.

*John B. Schomer,* for appellees.

WHITMORE, Judge.

Appellant United Capital Insurance Company ("United Capital") has appealed from an order of the Summit County Common Pleas Court dismissing its action against appellee Brunswick Insurance Agency, Inc., The Brunswick Companies, Realty Management Group, and Mel Lyons (collectively "Brunswick"). This court reverses and remands for further proceedings.

## I

The parties to this action have a lengthy history. United Capital, an insurance company doing business in Ohio, entered into a brokerage agreement with Brunswick in 1987. Brunswick apparently was to secure insurance policies on properties throughout the country for United Capital. Subsequently, one such property, which was located in North Carolina, was damaged by fire. The issue of damages sustained as a result of that fire was raised as part of a proceeding in federal bankruptcy court in North Carolina. Claims were also asserted in regard to an alleged failure to cause an insurance policy to be issued for the benefit of the plaintiffs in that action. United Capital and Brunswick were among several defendants in that action. United Capital settled the claims brought against it by the bankruptcy estate in 1996, while obtaining the right to pursue the plaintiffs' claims against Brunswick. United Capital never pursued those claims, however.

Instead, in 1997, United Capital brought a new action in the Summit County Common Pleas Court against Brunswick, alleging deceptive trade practices and lack of an insurable interest. The trial court dismissed the action without prejudice on grounds of *forum non conveniens* in order to allow·the matter to proceed as part of the pending action in North Carolina.

The present action was commenced by United Capital on September 1, 2000, in the Summit County Common Pleas Court. Through this action, United Capital is seeking to recover damages from Brunswick as a result of breach of contract between United Capital and Brunswick, breach of implied duty of good faith, fraud and misrepresentation, negligence, conversion, violation of the Ohio Deceptive Trade Practices Act, and violation of the Ohio Anti–Corrupt Activities Statute. Brunswick filed a motion to dismiss and/or strike the complaint and asserted four grounds in support: (1) *res judicata,* (2) the prior dismissal required United Capital to pursue its claims within the North Carolina action, (3) *forum non conveniens,* and (4) a dismissal with prejudice of the North Carolina action bars the present action. On October 11, 2000, the trial court dismissed the present matter "for the reasons set forth in the Motion," but did not specify the particular ground on which it was dismissing the action. United Capital has appealed to this court, asserting one assignment of error.

## II

### ASSIGNMENT OF ERROR

"The trial court incorrectly dismissed United Capital's complaint."

Through this assignment of error, United Capital argues that neither *forum non conveniens* nor *res judicata* is an appropriate ground on which to dismiss the complaint. Because the order of the trial court refers to Brunswick's motion to

dismiss for the basis of its decision, this court will consider the arguments of United Capital in the context of the motion to dismiss in order to review properly the judgment of the trial court. The trial court's decision can be sustained only if at least one of the four grounds in the motion to dismiss is correct.

## A. Preclusion and *Res Judicata*

The court first considers Brunswick's argument that the dismissal of the prior Ohio action "precludes" the present action. The argument is without merit. The dismissal entry to which Brunswick refers was a dismissal "without prejudice." Ohio courts have held that a dismissal without prejudice is not a decision on the merits. See *Van–American Ins. Co. v. Schiappa* (Apr. 29, 1999), Jefferson App. No. 97–JE–42, unreported, 1999 WL 260904, citing *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St.2d 222, 226, 23 O.O.3d 232, 234, 431 N.E.2d 660, 663. A judgment of dismissal of an action, not involving the merits or distinguished from a dismissal upon the merits, is not a bar to a subsequent action. *St. Bernard Bd. of Health v. St. Bernard* (1969), 19 Ohio St.2d 49, 52, 48 O.O.2d 57, 58–59, 249 N.E.2d 888, 891, citing *Loudenback v. Collins* (1854), 4 Ohio St. 251, 260–261. Consequently, the dismissal without prejudice did not constitute a bar to the filing of the present action.

United Capital and Brunswick also present arguments regarding the application of *res judicata,* specifically in terms of whether United Capital was obligated to file its claims within the North Carolina action. United Capital contends that it was not obligated to file its action as a cross-claim in the pending North Carolina action. This is so, United Capital contends, because cross-claims are permissive and the failure to assert a cross-claim will not preclude a party from raising it in a subsequent action.

Appellee Brunswick, on the other hand, contends that because the parties to the present action were actually adversaries in the North Carolina action, though technically co-defendants, United Capital should have presented its claims to the North Carolina court. Failure to do so, Brunswick continues, leads to the conclusion that the claims are barred by *res judicata* in the present Ohio action.

This court has previously held in *Harco Natl. Ins. Co. v. Smith* (Dec. 3, 1997), Wayne App. No. 97CA0023, unreported, 1997 WL 772841, that claims against co-parties are permissive and a failure to file a cross-claim will not result in a waiver of the claim. See, also, Civ.R. 13(G). *Harco* acknowledges that the Supreme Court of Ohio has carved out an exception to that rule in situations where nominal co-parties are in reality adversaries on the controlling issue, but the exception will apply only to issues that have, in fact, been litigated and finally determined. *Wright v. Schick* (1938), 134 Ohio St. 193, 199, 12 O.O. 6, 8–9, 16 N.E.2d 321, 325. Regardless of whether United Capital and Brunswick were

actually adversaries in the North Carolina action, United Capital's claims were not actually litigated in that action. Brunswick has presented the court with a copy of the decision in that matter, demonstrating that that action was resolved in part by a settlement and in part by voluntary dismissal. Thus, because United Capital's claims were not actually litigated in that action, the present action is not barred. *Moldovan v. Lear Siegler* (Feb. 24, 1993), Lorain App. No. 92CA005375, unreported, 1993 WL 46656.

■ To the extent that Brunswick's argument goes to the principle of issue preclusion or direct estoppel, it is similarly without merit. The doctrine of issue preclusion states that a decision is conclusive on the same issue by the same parties where the issue has been actually and necessarily litigated. *MetroHealth Med. Ctr. v. Hoffmann LaRoche, Inc.* (1997), 80 Ohio St.3d 212, 217, 685 N.E.2d 529, 533–534, quoting *Krahn v. Kinney* (1989), 43 Ohio St.3d 103, 107, 538 N.E.2d 1058, 1062–1063. As stated above, United Capital's present claims were not actually litigated in the North Carolina action.

Accordingly, this argument does not support dismissal by the trial court.

### B. The Prior Dismissal

■ Brunswick contends that the prior Ohio dismissal without prejudice required United Capital to file its action within the North Carolina action, and because it has not done so, United Capital is, therefore, barred from asserting its claim in Ohio at this time. In reviewing the language of the 1999 order of the Ohio trial court, it is apparent that the order did not condition the dismissal upon the filing of the action in North Carolina. The order itself did not require the matter to be filed in North Carolina in order that the dismissal be effective. The order of the trial court stated:

"Therefore, it is the judgment of this Court that the interests of justice, comity and judicial economy are served best by dismissing this case so that the issues herein can be heard in the pending federal court case in North Carolina. Wherefore, it is ordered that this case be marked upon the Court's docket as dismissed without prejudice within 30 days of this judgment entry, such time being allowed for the matters herein to be transferred to the court in North Carolina."

■ The Ohio Supreme Court has stated that a "dismissal *may be* conditioned upon the refiling of the action in the alternate forum." (Emphasis added.) *Chambers v. Merrell–Dow Pharmaceuticals, Inc.* (1988), 35 Ohio St.3d 123, 127, 519 N.E.2d 370, 373–374. Other conditions may also be imposed. *Id.* Other courts, both state and federal, have seen fit to attach specific conditions to their orders of dismissal. See, *e.g., Watson v. Driver Mgt., Inc.* (1994), 97 Ohio App.3d

509, 512, 646 N.E.2d 1187, 1189 (" 'This [order] is conditioned upon * * * plaintiff [filing] * * * this action in the State of Nebraska within 60 days from the date of this Order. If the plaintiff fails to file this action in Nebraska, in the time allowed, this action will be dismissed with prejudice.' "). However, the trial court in the case at bar did not so condition its order. Therefore, the order of dismissal in the instant case may not be supported upon this ground.

### C. Forum Non Conveniens

Next, Brunswick contends that the reasons supporting the determination of *forum non conveniens* in the 1997 proceeding were an appropriate exercise of discretion. United Capital, on the other hand, presents an argument that the trial court abused its discretion in making such a determination.

▮▮▮ The disposition of a motion to dismiss an action on the basis of *forum non conveniens* is committed to the sound discretion of the trial court. *Chambers v. Merrell–Dow Pharmaceuticals, Inc.*, 35 Ohio St.3d 123, 127, 519 N.E.2d 370, 373–374. On appeal, a reviewing court is not required to "assess and reweigh" the public and private interest factors considered by the trial court. A reviewing court will give "substantial deference" to a decision of the trial court when the balancing of these factors is reasonable. *Chambers,* 35 Ohio St.3d at 127, 519 N.E.2d at 373–374. In so doing, this court must determine whether there has been an abuse of discretion. *Id.*

▮▮▮ The specific task of this court in reviewing the decision of the trial court is "to determine whether the trial court below properly employed the doctrine of *forum non conveniens,* considering all the relevant private and public interest factors and the weight given to each." *Chambers,* 35 Ohio St.3d at 132, 519 N.E.2d at 378. The *Chambers* court adopted the private and public interests as originally set forth by the United States Supreme Court in *Gulf Oil Corp. v. Gilbert* (1947), 330 U.S. 501, 508–509, 67 S.Ct. 839, 843, 91 L.Ed. 1055, 1062–1063. The private interests that are to be considered are " 'the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability of a judgment if one is obtained.' " *Chambers,* 35 Ohio St.3d at 126–127, 519 N.E.2d at 373, quoting *Gilbert,* 330 U.S. at 508, 67 S.Ct. at 843, 91 L.Ed. at 1062.

▮▮▮ In addition, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gilbert,* 330 U.S. at 508,

67 S.Ct. at 843, 91 L.Ed. at 1062. See, also, *Chambers*, 35 Ohio St.3d at 127, 519 N.E.2d at 373–374.

██ Public interest factors include "the administrative difficulties and delay to other litigants caused by congested court calendars, the imposition of jury duty upon the citizens of a community which has very little relation to the litigation, a local interest in having localized controversies decided at home, and the appropriateness of litigating a case in a forum familiar with the applicable law." *Chambers*, 35 Ohio St.3d at 127, 519 N.E.2d at 373–374, citing *Gilbert*, 330 U.S. at 508–509, 67 S.Ct. at 843, 91 L.Ed. at 1062–1063.

██ Upon review of the record, it is apparent that while the trial court recited the *Chambers* factors, it was particularly influenced to choose the forum of the North Carolina federal court in the first instance because of the risk of inconsistent judgments in two separate courts and because the case had been pending in North Carolina for almost ten years. In addition, one of the property losses in that action was local to North Carolina. Brunswick's argument on appeal goes primarily to that point. It contends that one of the property losses and the witnesses concerning that loss are in North Carolina. However, the risk of inconsistent judgments no longer appears to be an issue and the location of the property that formed the basis of the insurance claim is not at the crux of United Capital's essentially tort-based claim against Brunswick. Instead, United Capital has asserted that the fraudulent conduct giving rise to its claims occurred in large part in Ohio and that many of the necessary documents and witnesses are located in Ohio. Further, as United Capital is the plaintiff in this action, its choice of forum must be accorded deference.

Therefore, this court concludes that it would have been an abuse of discretion to grant a dismissal of the instant action on the basis of *forum non conveniens*. The motion to dismiss may not be supported on that ground.

### D. Dismissal of the North Carolina Action

Brunswick argues in its motion to dismiss that a dismissal with prejudice presents a bar to this action. This argument is premised upon a view of *res judicata* that we have already rejected. See Part II(A) above. The argument must be overruled.

Furthermore, Brunswick has presented this court with a copy of the decision of the North Carolina court dismissing that action. The North Carolina trial judge indicated that "United Capital has never pursued in this action any claims of its own against any of the co-defendants." Further, the judge indicated that a dismissal for *forum non conveniens* is "irrelevant" to the assignment of rights that United Capital obtained through its settlement, that United Capital's cause

of action against Brunswick is not before that court, and that such claims were "noncompulsory" in relation to the North Carolina action. The North Carolina court did not apparently consider its judgment to be preclusive.

## III

This court concludes that Brunswick's motion to dismiss may not properly be based upon any of the four grounds presented in its motion to dismiss. Appellant United Capital's assignment of error is sustained. The judgment of the trial court is reversed, and this case is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

BATCHELDER, P.J., and SLABY, J., concur.