SZKATULSKI et al., Appellees,

v.

BANK ONE, N.A. et al., Appellants.

[Cite as *Szkatulski v. Bank One, N.A.*, 158 Ohio App.3d 189, 2004-Ohio-3981.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–03–1326.

Decided July 30, 2004.

Robert J. Bahret and Lisa Johnson Lodato, for appellees.

Brian J. Ballenger, for appellants.

---

HANDWORK, Presiding Judge.

{¶ 1} This is an accelerated appeal from a judgment of the Lucas County Court of Common Pleas in a foreclosure action. For the reasons stated herein, this court affirms the judgment of the trial court.

{¶ 2} The following facts are relevant to this appeal. On September 8, 2000, appellees, David and Beverly Szkatulski, received a mortgage from the executor of Hugh L. Baker's estate to secure partial payment of a debt incurred by the estate when the estate completed a contract between appellees and Baker.

Appellants, Duane and Patricia Benton, purchased the mortgaged residence from the Baker estate on June 1, 2001.

{¶ 3} Prior to the case sub judice, appellees sued the Baker estate for the debt. On August 14, 2002, the probate court entered a consent judgment granting appellees a judgment against the estate in the amount of $111,300. Appellees ultimately received $4,922.12 in payment from the estate.

{¶ 4} On November 5, 2002, appellees filed a complaint to foreclose on the mortgage. The trial court granted appellees' motion for summary judgment seeking to foreclose and denied appellants' motion for summary judgment. Appellants filed a timely appeal and in two assignments of error argue for reversal.

{¶ 5} In reviewing the grant of summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 6} In their first assignment of error, appellants argue that the mortgage was invalid because the executor of the estate issued the mortgage without authority or court approval. This court finds no merit in this assignment of error.

{¶ 7} It is axiomatic that "in the construction of a will, the sole purpose of the court should be to ascertain and carry out the intention of the testator." *Oliver v. Bank One, Dayton, N.A.* (1991), 60 Ohio St.3d 32, 34, 573 N.E.2d 55. In the instant case, the language in the will provided that the executor had power to "[p]ay debts and expenses, and to waive or compromise, compound and adjust any claims in favor of or against my estate upon such terms and conditions as he may deem proper and upon such evidence as he may deem sufficient." This court finds this broad executory language is sufficient to convey authority to mortgage the residence.

{¶ 8} Appellants also argue that the executor did not have authority under Ohio statutes to mortgage the property, citing R.C. 2113.311(B) and 2109.46. However, pursuant to R.C. 2113.311(A), R.C. 2113.311(B) is inapplicable. R.C. 2109.46 is also inapplicable, as that section concerns real estate belonging to a trust. Accordingly, appellants' first assignment of error is found not well taken.

{¶ 9} In the second assignment of error, appellants argue that the trial court erred when it denied appellants' summary judgment because the amount

sought in foreclosure was satisfied by a compromise in the probate court. Appellants rely upon the executor's affidavit, which states that appellees' claim was "compromised by all parties in the sum of $4,922.12" and that appellees' acceptance of the $4922.12 check "served as a release of any and all alleged interest in the mortgage."

{¶ 10} However, "[a]ffidavits which merely set forth legal conclusions or opinions without stating supporting facts are insufficient to meet the requirements of Civ.R. 56(E)." *Stamper v. Middletown Hosp. Assn.* (1989), 65 Ohio App.3d 65, 69, 582 N.E.2d 1040. Appellants offered no further evidence to show that appellees' acceptance of the check constituted a satisfaction or compromise of the mortgage agreement. Appellees were never asked to release the mortgage, nor did they ever sign a document releasing the mortgage.

{¶ 11} Appellants also argue that the amount due appellees was settled by accord and satisfaction. However, one of the two essential safeguards built into the doctrine of accord and satisfaction is that "the creditor must have reasonable notice that the check is intended to be in full satisfaction of the debt." *Allen v. R.G. Indus. Supply* (1993), 66 Ohio St.3d 229, 611 N.E.2d 794, syllabus. There is no notation on the check to appellees that it was intended to be in full satisfaction of the debt. Thus, there is no accord and satisfaction.

{¶ 12} For the first time on appeal, appellants raise an argument based upon R.C. 1301.13. Arguments raised for the first time on appeal will not be considered by an appellate court. *State ex rel. Quarto Mining Co. v. Foreman* (1997), 79 Ohio St.3d 78, 81, 679 N.E.2d 706. Accordingly, appellants' second assignment of error is found not well taken.

{¶ 13} The judgment of the Lucas County Court of Common Pleas is affirmed. Court costs are assessed to appellants.

Judgment affirmed.

PIETRYKOWSKI and SINGER, JJ., concur.