DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellants James and Kathleen Gannon appeal from the Summit County Court of Common Pleas, which granted summary judgment to Appellees George and Bel Klockenga. This Court affirms in part and reverses in part.
 I. {¶ 2} Appellants purchased a lot burdened by an easement: a 25-foot wide strip of land along the north property line was expressly reserved for vehicle access to the west-adjacent property from the public road to the east. Appellees, the west-adjacent property owners, have the benefit of this easement and it is written into their deed. Appellants were on notice of the easement when they signed their own deed on September 15, 2000. Appellants brought a lawsuit against Appellees to extinguish the easement.
 {¶ 3} Appellants filed a complaint on June 17, 2003, which (1) requested the common pleas court to quiet title to the northern most 25 feet of their lot (i.e., easement location), and (2) sought a declaratory judgment that Appellees had no right to access their lot (i.e., no right to enforce the easement). On August 29, 2003, Appellees answered and counterclaimed to (1) bar Appellants from denying the easement, and (2) quiet title to the northern most 25 feet of Appellants' lot in themselves (i.e., as Appellees' property). Both parties also requested costs and fees, and such equitable relief as may be deemed just.
 {¶ 4} Appellees moved for summary judgment on April 2, 2004, arguing that the express easement over Appellants' lot is indisputable and fully enforceable. Appellees also asserted that Appellants did not own the real property at issue (the northern most 25 feet of their lot), but that some predecessor in interest owned it. Appellees alleged that Appellants purchased the lot based on a recorded plat map that actually excluded this northern most 25 feet from the lot depiction and instead depicted this 25-foot span as one half of an adjacent road. Appellants' April 16, 2004 opposition brief did not deny the express easement, but instead argued that: (1) the easement had terminated by expiration of its original purpose, which was to access a non-existent subdivision on the west-adjacent property; (2) Appellees' intent to construct a private driveway on the easement would exceed its allowance, which had been solely for a public road; (3) that Appellees had abandoned the easement; and (4) that Appellees were barred under a theory of laches.
 {¶ 5} In two separate orders, dated September 24, 2004 and September 30, 2005, the common pleas court ruled on the individual aspects of the motion and granted summary judgment to Appellees, thereby denying Appellants' claim.[1] The trial court first found that the easement in question was not created by the 1960 plat map, as Appellants had argued, but was actually created in a 1969 deed that conveyed the properties between two predecessors in interest. As a result, the court found Appellants' termination-by-expiration-of-original-purpose argument to be without merit because the easement had been created without any reference to a purpose.
 {¶ 6} The court determined that the scope of the easement was for vehicles to cross Appellants' property, that it was not limited to a public roadway, and that a private driveway is within the scope of such an easement. The court denied Appellants' abandonment claim by concluding that the mere presence of trees was insufficient to prove the intent to abandon. The court denied Appellants' laches claim by concluding that Appellants failed to prove each element, specifically citing Appellants' failure to show any prejudice from the alleged delay.
 {¶ 7} Finally, the court held that Appellants' predecessors in interest had relied on the 1960 plat map to describe the property, and therefore, had acquired only the property depicted on that map, which excluded the northern most 25 feet. That is, certain predecessors in interest, Albert and Lenore Downs, had in 1969 sold the portion of the lot as was depicted on the 1960 plat map. However, the Downs had concurrently retained for themselves the 25-foot span along the north border, which was depicted on the plat map as the south half of an unnamed road connecting the west-adjacent parcel with the public road to the east. The court concluded that this 25-foot span along the north border is presently owned by "the Downs or their heirs," and denied Appellants' action to quiet title.
 {¶ 8} Appellants have appealed and asserted three assignments of error for review. We have rearranged the order to facilitate review.
 II. A. Third Assignment of Error
"THE TRIAL COURT IS WITHOUT JURISDICTION TO AWARD DECLARATORY JUDGMENT FOR A NON-PARTY AND, THEREFORE, THE JUDGMENT IS VOID."
 {¶ 9} Appellants assert generally that the trial court erred in concluding that certain of Appellants' predecessors in interest, Albert and Lenore Downs, still own the 25-foot span of land along the north border of Appellants' lot, which is to say that Appellants never acquired it and do not own it now. Appellants claim that they did acquire it and do own it. As a matter of law, this Court must agree, although we do not agree with the error as specifically assigned; we do not find that the trial court lacked jurisdiction, nor do we deem the judgment void.
 {¶ 10} This case arises from summary judgment. Appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton v. Ohio Edison Co.
(1996), 77 Ohio St.3d 102, 105; Norris v. Ohio Std. Oil Co.
(1982), 70 Ohio St.2d 1, 2. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317,327.
 {¶ 11} As their main proposition, Appellants contend that the trial court lacked jurisdiction to declare ownership of the property in a non-party, a limitation which renders the judgment void. As rationale for this position, Appellants assume that the non-party (i.e., Albert or Lenore Downs or their successor in interest) is bound by, and has been prejudiced by, this judgment. Appellants label this non-party a necessary party and argue that "[t]he absence of a necessary party is a jurisdictional defect and a declaratory judgment is precluded." Bretton RidgeHomeowners Club v. DeAngelis (1988), 51 Ohio App.3d 183, 185, citing Cincinnati v. Whitman (1975), 44 Ohio St.2d 58, 59. Appellants also insist that someone, although it is unclear exactly who, has been denied due process. Appellants even suggest that the complaint should be dismissed unless the necessary parties are joined; apparently arguing for dismissal of their own complaint, since they were the ones who sued to quiet title to this property.
 {¶ 12} Appellants' proposition is incorrect due to an inconsistent premise: that the non-party is a necessary party. As explained below, "the Downs or their heirs" are not the true owners of this property and they have no claim of right to the property. As such, they are not necessary parties. See Driscollv. Austintown Assoc. (1975), 42 Ohio St.2d 263, 272-73. Therefore, we find no jurisdictional defect in the failure to join them to the action. Similarly, we find no violation of due process, and see no propriety in ordering Appellants' complaint dismissed. Rather, we will consider the summary judgment decision as a matter of law.
 {¶ 13} Appellants' alternative argument is legally correct. As was referred to above, the trial court ruled that Albert and Lenore Downs, historical predecessors in interest of Appellant's property, had sold the portion of the lot depicted in the 1960 plat map, but had implicitly retained for themselves the 25-foot span along the north border, which was depicted on the plat map as the south half of an unnamed street or road abutting Appellants' property to the north. It is undisputed that this street or road has never been constructed. Appellants argue that the legal presumption under such circumstances is not that the seller retains the unstated portion, but rather, that the conveyance includes that portion by implication.
"A deed conveying land described as bounding upon a street conveys the fee of the grantor to the middle line of the street."Finlaw v. Hunter (1949), 87 Ohio App. 543, paragraph four of the syllabus. See, also, Greenberg v. L.I. Snodgrass Co.
(1953), 95 Ohio App. 307, paragraph twelve of the syllabus. The reasoning that underlies this presumption is worth reciting:
"The presumption exists for several reasons.
"First, when monuments having width, such as rivers, trees, stakes, stones, and platted or existing streets are made boundary lines in deeds, it is the invariable rule that the boundary is the center line of the monument.
"Second, when the subdivider sells a lot abutting on a platted street, he is deemed to have received full value therefore and the buyer is deemed to have paid an increased price for the lot for the easement in or use of the street.
"Third, there is no reason for assuming that the subdivider intended to reserve the fee in the platted street, because its control or use, at the time he sells the abutting lot, ceases to be of any benefit or importance to him.
"Fourth, a covenant is implied from the platting of the streets and lots by the subdivider, creating an estoppel as the basis of the rights the buyer acquires in the street designated on the plat, especially when the deed refers to the plat.
"Fifth, it is the policy of the law to discourage separation of the title of a lot from the abutting strip of a street, which, after remaining in abeyance for years, may become the occasion of litigation." (Paragraph breaks added.) Finlaw,87 Ohio App. at 544-45.
The third reason warrants elaboration:
"I think, it may be deduced that it is very unusual and almost unprecedented for a land owner to sell the abutting property, and at the same time retain the fee of the highway, subject to the easement, and that only in a case where there is an affirmative showing that such was the intention of the parties from the instruments and all the circumstances of the case should such a drastic and exceptional situation be recognized." (Quotations and citation omitted.) Greenberg, 95 Ohio App. at 320-21.
The fifth reason may also warrant some elaboration:
"The promulgation of a principle of law by which a vacated street abutting real estate should be permitted to dangle indefinitely in a nebulous state of ownership after a deed of the principal lot without reservation would present a state of uncertainty not to be desired as a part of our law pertaining to real property." Id. at 319-20.
Critically, the deed at issue in the present case, from Albert and Lenore Downs to their successors in interest, expresses no reservation of ownership over any portion of the lot, but in fact conveys the entire property as understood by the parties.
 {¶ 14} Based on our review of the record and the controlling law, and finding no material facts in dispute as to this issue, this Court concludes that Appellants own the 25-foot span of property along the north border of their lot, extending to the centerline of the purported road as depicted on the 1960 plat of survey, but which may still be subject to the easement at issue in this case. The trial court's judgment on this issue was in error. This assignment of error is sustained on the limited grounds articulated above.
 B. First Assignment of Error
"TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING A DRIVEWAY EASEMENT TO THE KLOCKENGAS 25 FEET NORTH OF GANNONS' LOT 7 BASED ON A MOTION FOR SUMMARY JUDGMENT."
 {¶ 15} Appellants explicitly argue this error as a matter of law, irrespective of the facts or circumstances peculiar to this easement.[2] Specifically, Appellants insist that, as a matter of law, an easement allowing for a public road is not (and cannot be) an easement for a private driveway. This Court disagrees.
 {¶ 16} As stated above, appellate courts review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton, 77 Ohio St.3d at 105. Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party.Temple, 50 Ohio St.2d at 327.
 {¶ 17} Appellees moved for summary judgment on the basis that the plain language of the express easement, as recorded in the deeds, refuted Appellants' claim that the easement was extinguished or unenforceable. Appellants conceded the express easement, but argued that a public roadway is exclusive of a private driveway. The trial court articulated its findings in its September 24, 2004 journal entry, and while this Court need not defer to the trial court under this summary judgment standard of review, we find this analysis insightful:
"The 1969 deed states: `all right and title in a fifty foot easement of which 25 feet is reserved from the southerly part of Lot 8; and 25 feet from the most northerly portion of Lot 7 [Appellants' lot], of the Barrett Allotment as recorded in Plat Book 57, page 222-3, wherein grantors reserved said fifty feet for street and roadway purposes for the benefit of the Grantors, their heirs, and assigns.'
"The Court finds that a private driveway is within the scope of the easement. The easement does not state it is limited to public street and roadway purposes or for the benefit of a future housing development. Moreover, as the terms `street' and `roadway' contemplate the use of vehicles over the easement to provide access to the 6.5 acre lot, one may infer that the use of the easement for a private driveway is within its scope."
 {¶ 18} Appellants claim on appeal that the above finding is an error of law, essentially arguing that the terms "street" and "roadway" contemplate only a public use, and correspondingly, must exclude a private driveway use. Appellants cite no direct support for this proposition. On the other hand, Appellees direct this Court to two easement cases in which Ohio courts have used the term "roadway" to describe a private drive. See, e.g., Apelv. Katz, 83 Ohio St.3d 11, 17-18, 1998-Ohio-420; Metz v. Hawn,
4th Dist. No. 01CA716, 2002-Ohio-2381, ¶ 2.
 {¶ 19} Based on the foregoing, we agree with the trial court in finding as a matter of law that a private driveway is within the scope of a "roadway" easement, or an easement that contemplates the use of vehicles to cross a property. Accordingly, we find no material facts to be in dispute and, even granting all inferences in favor of Appellants, we must uphold Appellees' summary judgment on this issue. See Grafton,77 Ohio St.3d at 105; Temple, 50 Ohio St.2d at 327. That is, Appellants have failed to invalidate Appellees' express easement, as a matter of law, by way of this particular argument. This assignment of error is overruled.
 C. Second Assignment of Error
"THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT DUE TO THE EXISTENCE OF GENUINE ISSUES OF MATERIAL FACT."
 {¶ 20} Appellants assert that the trial court erred by granting summary judgment in favor of Appellees, arguing that material questions of fact remain as to the legal theories proposed by Appellant, including: abandonment of the easement, expiration, termination, laches, estoppel, adverse possession, or certain collateral issues, such as the zoning variance or the re-recording of the deed. We affirm the trial court on all but the abandonment theory, in which we find some merit to Appellants' argument, and briefly address each of these claims below.
 {¶ 21} Regarding Appellants' assertions of estoppel, adverse possession, reference to a zoning variance, and the re-recording of the deed, we find these arguments unavailing. Based on our review of the record, we find that Appellants did not raise these issues to the trial court. An appellate court will not consider an argument raised for the first time on appeal. Szkatulski v.Bank One, N.A., 158 Ohio App.3d 189, 2004-Ohio-3981, ¶ 12, citing State ex rel. Quarto Mining Co. v. Foreman (1997),79 Ohio St.3d 78, 81.
 {¶ 22} Appellants' other arguments, however, were argued to the trial court on summary judgment. "A party against whom * * * a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the * * * declaratory judgment action." (Emphasis added.) Civ.R. 56(B). Summary judgment is proper if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Temple, 50 Ohio St.2d at 327. We review decisions on summary judgment de novo, viewing the facts as most favorable to the non-moving party and resolving any doubt in favor of that party. Grafton, 77 Ohio St.3d at 105.
 {¶ 23} Regarding Appellants' assertion of laches, we find no merit to this argument. "Laches is an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party." Baughman v.State Farm Mut. Auto. Ins. Co., 160 Ohio App.3d 642,2005-Ohio-1948, ¶ 10. Appellants have offered no argument, explanation, or evidence as to how they have been prejudiced by Appellees' purported delay in this matter. We find that summary judgment was properly granted to Appellees on this issue.
 {¶ 24} Regarding Appellants' assertion of expiration or termination, we find no merit to this argument. If "the grant contains no limit as to time, the easement will be perpetual, unless terminated by release or abandonment." Garlick v.Pittsburgh Western R.R. (1902), 67 Ohio St. 223, 235. See, also, McCarley v. O.O. McIntyre Park Dist. (Feb. 11, 2000), 4th Dist. No. 99 CA 07, *7. The easement in question contains no limit as to time, and is therefore presumed to be perpetual. Accordingly, it has not expired due to lapse of time. The easement in question was not conditioned on some outside occurrence, such as the construction of the proposed subdivision. Accordingly, it has not terminated due to a failure of some condition. Appellants have made no claim that it was terminated by release. We find that summary judgment was properly granted to Appellees on this issue.
 {¶ 25} Regarding Appellants' assertion of abandonment, we find that this argument has merit. Abandonment can be framed as follows:
"To demonstrate that a dominant estate has abandoned its easement, the servient estate must establish both (1) nonuse of the easement and (2) an intent to abandon the easement. Evidence of an easement holder's mere nonuse of an easement is insufficient to establish abandonment. Intent to abandon an easement must be demonstrated by unequivocal and decisive acts inconsistent with continued use and enjoyment of the easement. The determination of whether an easement has been abandoned is a question of fact." (Citations and quotations omitted.) CraneHollow, Inc. v. Marathon Ashland Pipe Line, LLC (2000),138 Ohio App.3d 57, 72.
The trial court reasoned that the mere existence of trees on the easement was insufficient to infer the intent to abandon the easement. However, the intent to abandon an easement is a question for the finder of fact. See id.; Baker v. Semelsberger
(Apr. 15, 1998), 9th Dist. No. 18552, *4; Rinaldi v. Schur
(Nov. 7, 1985), 8th Dist. No. 49410, *1. Therefore, this was not a proper issue for summary judgment. This assignment of error is sustained, and we find that summary judgment was improperly granted on the issue of abandonment.
 III. {¶ 26} Appellants' first assignment of error is overruled and the trial court's grant of summary judgment as to this issue is affirmed. Appellants' second assignment of error is sustained in part, as it relates to the abandonment claim, and the grant of summary judgment is reversed as to this issue. However, the remainder of Appellants' second assignment of error is overruled and the grant of summary judgment is affirmed on these issues. Finally, Appellants' third assignment of error is sustained and the trial court is reversed on this issue. The decision of the Summit County Court of Common Pleas is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with this decision.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Slaby, P.J. concurs.
Moore, J. concurs in judgment only.
[1] Although Appellees also filed a counterclaim, we construe the trial court's disposition of summary judgment as placing Appellees in a defensive posture. The court framed its judgment by stating: "[Appellants] have instituted the present action, seeking a declaratory judgment that no such easement exists. [Appellees] have moved for summary judgment." As such, summary judgment was available to Appellees as the defending party, as per Civ.R. 56(B), and the counterclaim was rendered moot.
[2] Despite their repeated insistence that this issue presents a question of law, Appellants also interject a fact-based argument at the end of this assignment of error. That is, after arguing for seven pages that this is purely an error of law, Appellants end this section of their brief with the following two sentences: "The extent of the use of this purported easement by [Appellees] is unreasonable and overly burdensome to this property. The question of whether the burden is unreasonable is a question of fact."
Appellees respond: "Strangely, [Appellants] to some extent seem to be arguing that it would be okay for the easement to be used as a public road, but a private driveway would unreasonably burden their property. This logic is contrary to the reality of the situation. If anything, a private driveway is a much more limited, less pervasive use of the right of way than is [Appellants' public road] theory."
We find Appellants' argument to be illogical and lacking in legal justification or factual support. However, we also find that the trial court did not rule on this particular argument because Appellants did not raise it for consideration in their April 16, 2004 brief in opposition to Appellees' motion for summary judgment. See Henkle v. Henkle (1991),75 Ohio App.3d 732, 735 (explaining that the nonmoving party may not rest upon the allegations in the pleadings). An appellate court will not consider an argument raised for the first time on appeal.Szkatulski v. Bank One, N.A., 158 Ohio App.3d 189,2004-Ohio-3981, ¶ 12, citing State ex rel. Quarto Mining Co. v.Foreman (1997), 79 Ohio St.3d 78, 81. Therefore, Appellants' argument regarding an undue burden is unavailing.