OPINION
{¶ 1} On March 25, 1988, Vernon Jenkins commenced an action (Case No. 88-CIV-440) alleging that Jerry Pullins purchased three tracts of land in Springfield from him on land contract and had since defaulted by failing to pay taxes and make payments on his contract obligation. Jenkins subsequently amended his complaint to also allege that Pullins failed to pay taxes and insurance premiums due on the properties.
 {¶ 2} Pullins filed an answer that stated, in part, that Jenkins failed to comply with R.C. 5313.05 and R.C. 5313.06 and thus the complaint should be dismissed. Pullins also filed a counterclaim stating that he had rented the properties and that Jenkins wrongfully collected rent from his tenants, which interfered with Pullins' ability to pay Jenkins pursuant to their land contract.
 {¶ 3} Following a hearing, the trial court entered an August 22, 1989 judgment finding that Jenkins' ten-day notice of forfeiture was defective and that the principal balance owing from Pullins to Jenkins on the land contract was $22,015.02. Both Jenkins' complaint and Pullins' counterclaim were dismissed, without prejudice. Jenkins appealed the judgment to this court. On August 6, 1990, we overruled Jenkins' three assignments of error and affirmed the trial court's judgment. Jenkins v.Pullins, (Aug. 6, 1990), Clark App. No. 2641.
 {¶ 4} Jenkins commenced a second action (Case No. 91 CV 0165) against Pullins on March 15, 1991. Pullins filed an answer and counterclaim. On August 17, 1992, the trial court dismissed the complaint and counterclaim without prejudice. Further, the trial court stated: "It is expressly understood that the complaint and counterclaim can be re-filed and shall be re-filed in the same identical form as presently pending in this litigation if the matter is not settled between the parties."
 {¶ 5} On August 18, 1992, Jenkins commenced a third action (Case No. 92 CV 0504) against Pullins, seeking forfeiture and restitution based on Pullins' alleged failure to comply with the land contract and R.C. 5313.05. Jenkins generally alleged that Pullins breached the land contract by failing to pay the insurance premium and real estate taxes when due and by not making an installment payment to Jenkins in March, 1988. Jenkins sought termination of the land contract and forfeiture of Pullins' interest. On October 14, 1992, Pullins filed an answer and counterclaim. Both parties filed summary judgment motions relating to Jenkins' complaint.
 {¶ 6} On August 9, 1995, the trial court sustained Pullins' motion for summary judgment and dismissed Jenkins' claims for relief in Case No. 92 CV 0504, finding that "all issues raised in Plaintiff's complaint were resolved in Case No. 88-CIV-0440. That decision was affirmed by the Second District Court of Appeals in Case No. 2641. Therefore, this case is res judicata." Jenkins appealed the trial court's August 9, 1995 order. On March 21, 1996, this court dismissed the appeal for lack of a final order because Pullins' counterclaim remained for adjudication by the trial court and no certification had been made pursuant to Civ. R. 54(B) that there was no just reason for delay.
 {¶ 7} On April 4, 2005, Jenkins filed a motion to dismiss Pullins' counterclaim, which was sustained by the trial court on April 22, 2005. On May 4, 2005, Jenkins filed a timely notice of appeal from that final order.
FIRST ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, AS DEFENDANT-APPELLEE WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW."
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE UPON THE EVIDENCE AND RECORD BEFORE IT."
 {¶ 10} Jenkins' first two assignments of error are interrelated and will be addressed together. Jenkins argues that the trial court erred in 1995 when it granted Pullins' motion for summary judgment on Jenkins' claims for relief in Case No. 92CV054 because Pullins did not timely file his motion for summary judgment and because res judicata did not apply to bar Jenkins' claims, as the trial court held. Pullins has not filed a brief in response to Jenkins' arguments.
 {¶ 11} We are not persuaded by Jenkins' argument that the trial court erred in granting summary judgment because Pullins' motion was untimely. Pullins filed a motion for summary judgment on December 10, 1992. This motion was pending when the trial court issued its June 30, 1995 Entry, which stated "By agreement of the parties, the Plaintiff and Defendant are hereby granted until July 10, 1995, to reply to the Summary Judgment Motions that have been previously filed in the within cases." Although Pullins subsequently filed another motion for summary judgment on July 10, 1995, both motions contained essentially the same argument: that Jenkins' claims were precluded by res judicata. Consequently, it was well within the trial court's discretion to consider and rule upon Pullins' motion for summary judgment.
 {¶ 12} Jenkins' argument that the trial court erred by granting summary judgment on a finding of res judicata has merit. Jenkins' first action, Case No. 88-CIV-440, was dismissed without prejudice on August 22, 1989. Jenkins then commenced another action on August 18, 1992, allegedly based on new notice that had been given to Pullins since the dismissal of Case No. 88-CIV-440. The trial court granted Pullins' motion for summary judgment because "all issues raised in Plaintiff's complaint were resolved in Case NO. 88C-IV-0440. . . . Therefore, this case is res judicata."
 {¶ 13} The trial court erred in finding that res judicata barred Jenkins' 1992 action. The prior 1988 action to which the court referred, was dismissed without prejudice. A dismissal without prejudice places the parties in the position they would have been in had no complaint ever been filed. "Ohio courts have held that a dismissal without prejudice is not a decision on the merits. . . . A judgment of dismissal of an action, not involving the merits or distinguished from a dismissal upon the merits, is not a bar to a subsequent action." United Capital Ins. Co. v.Brunswick Ins. Agency (2001), 144 Ohio App.3d 595, 599
(citations omitted). See also Haynes v. Ohio Department ofRehabilitation and Corrections, Franklin App. No. 05AP-78, 2005-Ohio-5099, at _ 13, noting that a dismissal without prejudice has no res judicata effect. Consequently, the 1989 dismissal without prejudice did not bar Jenkins' 1992 action and the trial court's reliance on res judicata was reversible error.
 {¶ 14} Jenkins' first two assignments of error are sustained.
THIRD ASSIGNMENT OF ERROR
 {¶ 15} "THE TRIAL COURT ERRED IN NOT GRANTING PLAINTIFFA-PPELLANT SUMMARY JUDGMENT, AS THERE WAS NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND PLAINTIFF-APPELLANT WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW."
 {¶ 16} Once the trial court granted Pullins' motion for summary judgment on a finding of res judicata, Jenkins' motion for summary judgment on his complaint became moot. Thus, the trial court did not rule on Jenkins' summary judgment motion. The trial court may address Jenkins' motion on remand. Consequently, Jenkins' third assignment of error is overruled.
 {¶ 17} The August 9, 1995 order of the trial court is reversed and vacated. The case is remanded for further proceedings consistent with this Opinion.
Wolff, J. and Walters, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).