OPINION
{¶ 1} Appellant, Vernon G. Jenkins, appeals from the judgment of the trial court in his favor, and awarding him a judgment in the amount of $150,000. Jenkins sets forth three assignments of error, claiming that the judgment of the trial court was contrary to law.
 {¶ 2} Because the Appellant has failed to provide a transcript of the damages hearing *Page 2 
below, we cannot weigh the evidence, and we must presume the regularity of the trial court's determination. Furthermore, because the City of Springfield was never joined as a party to the case, the trial court properly refused to award damages to Jenkins from the City. Therefore, we affirm the judgment appealed from.
 {¶ 3} On March 25, 1988, Vernon Jenkins commenced an action (Case No. 88-CIV-440) alleging that Jerry Pullins purchased three tracts of land in Springfield from him on land contract and had since defaulted by failing to pay taxes and make payments on his contract obligation.
 {¶ 4} Pullins filed an answer stating in part, that Jenkins failed to comply with R.C. 5313.05 and R.C. 5313.06 and thus the complaint should be dismissed. Pullins also filed a counterclaim stating that he had rented the properties and that Jenkins wrongfully collected rent from his tenants, which interfered with Pullins' ability to pay Jenkins pursuant to their land contract.
 {¶ 5} Following a hearing, the trial court entered an August 22, 1989 judgment finding that Jenkins' ten-day notice of forfeiture was defective and that the principal balance owing from Pullins to Jenkins on the land contract was $22,015.02. Both Jenkins' complaint and Pullins' counterclaim were dismissed, without prejudice. Jenkins appealed the judgment to this court. On August 6, 1990, we overruled Jenkins' three assignments of error and affirmed the trial court's judgment. Jenkins v. Pullins (Aug. 6, 1990), Clark App. No. 2641,1990 WL 115994.
 {¶ 6} Jenkins commenced a second action (Case No. 91 CV 0165) against Pullins on March 15, 1991. Pullins filed an answer and counterclaim. On August 17, *Page 3 
1992, the trial court dismissed the complaint and counterclaim without prejudice. In its dismissal entry, the trial court stated: "It is expressly understood that the complaint and counterclaim can be re-filed and shall be re-filed in the same identical form as presently pending in this litigation if the matter is not settled between the parties."
 {¶ 7} On August 18, 1992, Jenkins commenced a third action (Case No. 92 CV 0504) against Pullins, seeking forfeiture and restitution based on Pullins' alleged failure to comply with the land contract and R.C. 5313.05. Jenkins generally alleged that Pullins breached the land contract by failing to pay the insurance premium and real estate taxes when due and by not making an installment payment to Jenkins in March, 1988. Jenkins sought termination of the land contract and forfeiture of Pullins' interest. On October 14, 1992, Pullins filed an answer and counterclaim. Both parties filed summary judgment motions relating to Jenkins' complaint.
 {¶ 8} On August 9, 1995, the trial court sustained Pullins' motion for summary judgment and dismissed Jenkins' claims for relief in Case No. 92 CV 0504, finding that "all issues raised in Plaintiff's complaint were resolved in Case No. 88-CIV-0440. * * * Therefore, this case is res judicata." Jenkins appealed the trial court's August 9, 1995 order. On March 21, 1996, this court dismissed the appeal for lack of a final order because Pullins' counterclaim remained for adjudication by the trial court and because no Civ. R. 54(B) certification had been made that there was no just reason for delay.
 {¶ 9} On April 4, 2005, Jenkins then filed a motion in the trial court to dismiss Pullins' counterclaim, which was sustained. Thereafter, Jenkins filed a new notice of appeal from that final order claiming that the trial court erred in its determination that res judicata barred the claims in his complaint. On June 30, 2006, we reversed the trial *Page 4 
court's judgment, finding that the claims were not barred by res judicata and remanded the matter to the trial court. Jenkins v.Pullins, Clark App. No. 05 CA 0051, 2006-Ohio-3371.
 {¶ 10} Pursuant to our remand, the trial court reconsidered and then granted Jenkins' summary judgment motion on January 2, 2007. Thereafter the trial court conducted a damage hearing, after which the court awarded Jenkins damages in the amount of $150,000. It is from this judgment that Jenkins brings the present appeal, where he sets forth three assignments of error for our consideration.
 "First Assignment of Error {¶ 11} "The trial court erred to the prejudice of Appellant, in not applying the statutory code, making new law.
 "Second Assignment of Error {¶ 12} "The trial court erred to the prejudice of Appellant in ruling on the cause, rather on the issue before the court.
 "Third Assignment of Error {¶ 13} "The trial court erred to the prejudice of Appellant in ruling contra previous ruling in the motion for summary judgment."
 {¶ 14} In both his first and second assignments of error, Jenkins argues that the evidence supports a greater award of damages than was awarded by the trial court.
 {¶ 15} The first assignment of error addresses R.C. section 5313.10, which provides that an action for forfeiture is an exclusive remedy for a vendor "* * * unless the vendee has paid an amount less than fair rental value plus deterioration or destruction of the property occasioned by the vendee's use." He then argues that the *Page 5 
evidence established a higher fair rental value than that, which the court considered as a limitation of his damages.
 {¶ 16} The second assignment of error addresses his claim that Pullins "embezzled" rental income from the properties, and withheld his payments on the land contract to Jenkins. While the trial court stated in its final judgment that it could not determine, in a civil matter, whether the defendant had committed the crime of embezzlement, it went on to point out that the only consideration before the court in this matter was the amount of damages that Jenkins was entitled to. Jenkins argues that the trial court misunderstood the evidence relating to his claim of "embezzlement," and therefore that it awarded an insufficient amount of damages.
 {¶ 17} Because we do not have a transcript of the January 19, 2007 hearing on damages, we cannot review the evidentiary claims made by Jenkins in either of his first two assignments of error. App. R. 9 provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *."
 {¶ 18} A presumption of validity attends a trial court's actions.Volodkevich v. Volodkevich (1989), 48 Ohio App.3d 313. Without a transcript, we must presume the validity of the trial court's proceedings, and Jenkins' evidentiary arguments necessarily fail.Craig v. Montgomery Cty. Bd. of County Commrs., Montgomery App. No. 21056, 2006-Ohio-1132, ¶ 12-13; State v. Morris, Montgomery App. No. 21125, 2006-Ohio-2129, ¶ 2.
 {¶ 19} In his third assignment of error, Jenkins claims that the trial court erred in *Page 6 
finding that the City of Springfield was not a party to the case, and refusing to award judgment against the city to him. Jenkins claims that the city was a party because his "Motion for Summary Judgment, of January 2, 2007 (sic) has the City of Springfield enjoined (sic), to answer for their unlawful action, and to prevent collateral estoppel." Jenkins also claims that he filed a praecipe asking that the City be served and summoned to appear, which he claims was returned to him with a "post-it" note stating that the City was not a party to the action. This assertion is, of course, not reflected by the record.
 {¶ 20} What the record does disclose is that at no time did Jenkins file a complaint against the City of Springfiled as provided in Civ. R. 3; at no time was the City of Springfield served with a summons to appear and defend, as provided in Civ. R. 4; at no time did Jenkins move the court for leave to join the City of Springfield as a defendant to the action, as provided in Civ. R. 20; and at no time was there a demand for judgment, as provided in Civ. R. 8. Furthermore, it does not appear, from the record, that the City of Springfield is a party whose joinder is necessary, and whose absence would constitute a jurisdictional limitation that would render the judgment herein void. Any claim that Jenkins might have against the City is a separate and independent cause of action from the forfeiture of the land contract with Pullins. SeeGanon v. Klockenga, Summit App. No. 22946, 2006-Ohio-2972 at ¶ 11-12.
 {¶ 21} Therefore, the trial court was correct in its determination that it could not award damages to Jenkins from the City of Springfield for the reason that it was not a party to the proceedings.
 {¶ 22} Subsequent to his merit brief, Jenkins filed two "amendments" in the *Page 7 
Court of Appeals, seeking to join the City of Springfield as a defendant. While Civ. R. 21 provides that "parties may be * * * added by order of the court on motion of any party or of its own initiative at any stage of the action, * * *" that action is reserved to the trial court and is not properly raised in the Court of Appeals subsequent to judgment. Jenkins having failed to properly move for joinder in the trial court has waived that claim. We will treat the two "amendments" as motions, and overrule them.
 {¶ 23} Accordingly, we overrule all of the assignment of error, and the judgment of the trial court is hereby affirmed.
BROGAN, J. and FAIN, J., concur
(Hon. Sumner E. Walters, retired from the Third District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Vernon G. Jenkins
Thomas H. Lagos
 Hon. Douglas M. Rastatter *Page 1