DECISION AND JUDGMENT ENTRY
{¶ 1} William Michael Smith, Julie Michelle Smith Hammons, Mark Alan Smith and Gregory Alvin Smith (collectively "Smiths") appeal the summary judgment of the Washington County Common Pleas Court, favoring Burl J. Moore and Betty C. Moore (collectively "Moores"). The Moores had filed a complaint seeking to quiet title to real estate based on their claim of adverse possession. On appeal, the Smiths contend that the trial court erred because genuine issues of material fact exist regarding the open and notorious elements of adverse possession. We agree, because after construing the evidence and all inferences therefrom in the Smiths' favor, we find that there is a *Page 2 
genuine issue of material fact regarding the open and notorious element of adverse possession. Accordingly, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
 I. {¶ 2} In 1982, the original owners of the property, William and Genevieve Smith, executed a power of attorney appointing Curtis B. Smith as their attorney-in-fact. This appointment, however, did not expressly permit Curtis Smith to covey real estate or execute deeds on their behalf.[1] In August 1982, Curtis Smith conveyed property owned by William and Genevieve to the Moores. Since that time, the Moores have possessed the property uncontested and have paid taxes on it. William Smith died in 1986, and Genevieve Smith died in 2004.
 {¶ 3} Sometime in 2007, it came to the Moores' attention that the property might have been improperly conveyed to them. So, on March 12, 2007, they filed a complaint seeking to quiet title based on a claim of adverse possession. With the death of the original owners, the Moores brought suit against the heirs, who may now have an interest in the property. Four of the six heirs answered (collectively referred to herein as the "Smiths"). The Moores moved for default judgment against two of the heirs and moved for summary judgment against the Smiths.
 {¶ 4} In their motion for summary judgment, the Moores attached two affidavits. The first was their own, in which they asserted that since 1982 they have paid taxes on *Page 3 
the property; that neither the original grantors nor the Smiths have asserted any interest in the land; and that they have been in "open, exclusive, notorious, continuous, hostile, and undisputed possession of the property under a claim of right and title adverse to the [Smiths]." The second affidavit was from Curtis Smith and recited similar language, plainly referring to the elements of adverse possession. It also stated that William and Genevieve had been paid for the property; that Curtis Smith executed a deed on their behalf; and that neither the grantors nor their heirs had possessed the property since 1982 or made any claims of ownership during that time. The Smiths never responded to the motion.
 {¶ 5} The trial court granted summary judgment in favor of the Moores based on the affidavits they presented in support of their motion, which was, as noted by the trial court, the only evidence presented to the court on summary judgment. Based on these affidavits, the trial court found that the Moores had proven all the elements of their adverse possession claim. The Smiths timely appealed this judgment and the matter is now before this court.
 {¶ 6} The Smiths assert the following assignment of error:
 "THE TRIAL COURT ERRED IN ITS GRANTING OF SUMMARY JUDGMENT."
 II. {¶ 7} The Smiths contend in their sole assignment of error that the trial court erred when it granted the Moores' motion for summary judgment because genuine issues of material fact remain. Our review is de novo. See, e.g., Comer v. Risko, 106 Ohio St.3d 185, 2005-Ohio-4559, ¶ 8.
PGPage 4
 {¶ 8} Summary judgment is appropriate only when it has been established: (1) that there is no genuine issue as to any material fact; (2) that the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party. Civ. R. 56(A). SeeBostic v. Connor (1988), 37 Ohio St.3d 144, 146; Morehead v. Conley
(1991), 75 Ohio App.3d 409, 411. In ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in the opposing party's favor. Doe v. First United MethodistChurch (1994), 68 Ohio St.3d 531, 535.
 {¶ 9} The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. However, once the movant supports his or her motion with appropriate evidentiary materials, the nonmoving party "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ. R. 56(E). See, also, Dresher, at 294-295.
 {¶ 10} In reviewing whether an entry of summary judgment is appropriate, an appellate court must independently review the record and the inferences that can be drawn from it to determine if the opposing party can possibly prevail. Morehead at 411-412. "Accordingly, we afford no deference to the trial court's decision in answering that legal question." Id. at 412. See, also, Schwartz v. Bank-One, Portsmouth,N.A. (1992), 84 Ohio App.3d 806, 809. *Page 5 
 {¶ 11} Here, the Smiths contend that there are genuine issues regarding whether the Moores had adverse possession of the real estate in question.
 {¶ 12} "To acquire title by adverse possession, a party must prove, by clear and convincing evidence, exclusive possession and open, notorious, continuous, and adverse use for a period of twenty-one years." Grace v. Koch (1998), 81 Ohio St.3d 577, syllabus. See, also,Evanich v. Bridge, Ohio St.3d, 2008-Ohio-3820, ¶ 7.
 {¶ 13} Here, the Smiths assert that the Moores failed to show that they had open and notorious use of the land. We agree.
 {¶ 14} When the Moores moved for summary judgment, they supported their motion with two affidavits. On the other hand, the Smiths never filed a response, nor did they present any evidence to contradict the facts presented in the affidavits. Since the moving party bears the initial burden of showing that there is no genuine issue of material fact, the first issue we must address is whether the Moores have met their burden.
 {¶ 15} A trial court may consider affidavits when ruling on a motion for summary judgment. Civ. R. 56(E). The rule states that "Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Id. Thus, conclusory affidavits that merely provide legal conclusions or unsupported factual assertions are not proper under Civ. R. 56(E). Skatulski v. Bank One, 158 Ohio App.3d 189,2004-Ohio-3981, ¶ 10; Stamper v. Middletown Hosp. Assn. (1989),65 Ohio App.3d 65, 69. *Page 6 
 {¶ 16} The affidavits supplied by the Moores were relied on by the trial court to establish four things: 1) the Moores are in possession of the property under color of title, which until the present action has been free of any claim from the Smiths; 2) they have been in possession for the requisite period of time; 3) the Moores have paid taxes on the property, [2] and 4) the Moores have possessed the property "openly and notoriously." We find that the trial court properly relied on the affidavits to establish all the elements, except the open and notorious requirement.
 {¶ 17} First, at the time the Moores filed the quite title action, they continuously possessed the property for 26 years. This time period exceeds the 21-year minimum. Second, as the Smiths acknowledge, possession of property "under the color of title" satisfies the "hostile and adverse" element. Montieth v. Twin Falls United Methodist Church,Inc. (1980), 68 Ohio App. 2d 219, paragraph three of the syllabus. Next, we agree that the affidavits establish that the Moores have possessed this property exclusive of any interest the Smiths may have. But, we cannot agree that the affidavits sufficiently establish that they have established the "open and notorious" element.
 {¶ 18} To satisfy this element, a claimant must use the property without any attempt to conceal the claimant's presence. Crown CreditCo., Ltd. v. Bushman (2007), 170 Ohio App.3d 807, 2007-Ohio-1230, ¶ 46. When the claimant puts the property to use, merely mowing the lawn is insufficient to establish open and notorious use. Montieth, at 225. To be considered "open and notorious," the claimant's use must be more substantial. See, e.g., Grace, supra, at 582, (finding that mowing the lawn, when *Page 7 
accompanied with recreational use, parking cars, and placing a swing set, oil drums, and firewood on the land was enough to give the true owner notice); Kaufman v. Geisken Ents., Putnam App. No. 12-02-04, 2003-Ohio-1027, ¶ 34 (finding the claimants' use open when "The families used the strip for recreation, planted and pruned trees, cultivated asparagus, parked cars, ran a go-cart, stored firewood, piled debris, placed burn barrels on the property, and kept the property generally attractive according to neighborhood standards is such use as would be made of that land by an owner").
 {¶ 19} Here, the affidavits merely make conclusory assertions that the Moores' possession was open and notorious. As such, the affidavits cannot satisfactorily demonstrate that there is no genuine issue of fact regarding this element. Skatulski, supra; Stamper, supra. Like inGrace and Kaufman, the Moores are obliged to factually demonstrate that their use was sufficiently open and notorious. We also note that at least one court has stated that an actual notice of a hostile claim by the true owner effectively satisfies this element. Fulton v. Rapp
(1950), 59 Ohio Law Abs. 105. Although it is quite possible that Genevieve Smith had actual notice of the Moores' claim for at least 21 years, we again find that this fact is not sufficiently established by the affidavits.
 {¶ 20} In sum, we conclude that the affidavits lack sufficient factual evidence of either actual notice by the true owners or open and notorious use of the property sufficient to properly render summary judgment in favor of the Moores. *Page 8 
 {¶ 21} Accordingly, we sustain the Smiths' sole assignment of error. We remand this cause to the trial court for further consideration regarding the open and notorious element of the Moores' adverse possession claim.
[1] Based on the record and the briefs, this principal opinion assumes that the parties concede that the 1982 transfer was done without the proper authority. The appellees (Moores) brought suit to quite title, claiming adverse possession rather than ownership under the deed. In their brief, the appellants agree that the power of attorney did not authorize the conveyance.
[2] Although there is scant Ohio case law on the issue, we agree with the view that the payment of taxes alone is insufficient to sustain a claim of adverse possession, but that such payments lend support to the claim. 2 Ohio Jurisprudence 3d (2008) Adverse Possession and Prescription, Section 51.
 JUDGMENT REVERSED AND CAUSE REMANDED.