**WEIMER, Appellant,**

v.

**ANZEVINO, Appellee.**

[Cite as *Weimer v. Anzevino* (1997), 122 Ohio App.3d 720.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95–C.A.–144.

Decided Sept. 15, 1997.

*Gus K. Theofilos,* for appellant.

*Kelly M. Burton,* for appellee.

WAITE, Judge.

On June 17, 1992 the parties herein were involved in an automobile accident when the automobile operated by appellee Anthony Anzevino struck the automo-

bile owned by Donna Weimer, appellant herein, but operated by her husband, Larry Weimer. The parties settled the Weimers' personal injury claim against appellee. The case at bar involves only the property damage to the Weimers' automobile.

At the hearing on the matter, it was elicited that the Weimers took the automobile to Greenwood Chevrolet for repairs, but were dissatisfied with the job and refused to pay. Eventually, Bank One repossessed the automobile, signed a release with appellee's insurance company stating that it was satisfied with the repairs, and had the car removed from Greenwood. The car was later resold.

On September 28, 1993, Larry Weimer filed a complaint in Youngstown Municipal Court against appellee requesting damages in the amount of $3,829.70 for depreciation of the Weimer automobile as a result of the accident.

On October 25, 1993, appellee filed an answer denying the allegations contained in the complaint and setting up a number of affirmative defenses. Attached to this answer was a request for production of documents which included the following:

"7. Any and all reports, memoranda, or other documentation from any expert you expect to have testify at the arbitration and for trial of this matter."

Weimer answered, "None to date." No interrogatories were sent to Weimer requesting disclosure of expert witnesses to be called at trial.

On November 8, 1993 appellant Donna Weimer was substituted as a party plaintiff in the matter in place of her husband Larry. Motions for summary judgment were filed by both appellee and appellant. The trial court granted appellant's motion on the issue of liability and overruled appellee's motion on that issue. A hearing on damages only was set for February 1, 1995.

At the hearing, appellant attempted to call Joe Trimble as an expert witness to testify as to the difference between the fair market value of appellant's automobile after the actual repairs and the value of the automobile if it had been repaired to the Weimers' complete satisfaction. Appellant had contacted Trimble for the first time the night before trial. Appellee objected to the witness on the grounds that he had not been identified prior to the trial in answer to appellee's request for production of documents. The trial court sustained the objection and excluded Trimble's testimony.

Appellee called as a witness in his behalf an adjuster with his insurance company, Jerry Costello. During cross-examination, appellant's own counsel questioned Costello about the fair market value of the Weimer automobile. After appellee rested his case, appellant again requested to call Trimble as a witness, this time allegedly as a rebuttal witness. Appellee again objected, and the trial court again sustained the objection and excluded Trimble's testimony.

On May 17, 1995, the trial court granted judgment for appellee. This appeal timely followed.

Appellant presents two assignments of error, alleging first that the trial court erred in excluding her expert witness at a hearing on damages because the witness was not previously disclosed in response to a request for documents and, second, that the trial court erred in refusing to allow Trimble to testify as a rebuttal witness on the damage issue. These assignments must fail, and the decision of the trial court is affirmed.

Appellant's first assignment of error is framed as follows:

"It was error for the trial court to exclude plaintiff's expert witness at a damages only hearing because said witness was not identified in response to a request for documents."

Civ.R. 26(A) sets forth the policy matters behind discovery in Ohio. This rule provides as follows:

"(A) Policy; discovery methods. It is the policy of these rules (1) to preserve the right of attorneys to prepare cases for trial with that degree of privacy necessary to encourage them to prepare their cases thoroughly and to investigate not only the favorable but the unfavorable aspects of such cases and (2) to prevent an attorney from taking undue advantage of his adversary's industry or efforts.

"Parties may obtain discovery by one or more of the following methods: deposition upon oral examination or written questions; written interrogatories; production of documents or things or permission to enter upon land or other property, for inspection and other purposes; physical and mental examinations; and requests for admission. Unless the court orders otherwise, the frequency of use of these methods is not limited."

In this case, the issue is the procedure employed by appellee to learn the identification of any expert witness appellant intended to call at trial. Appellant tried to call Joe Trimble as an expert witness at trial. It is undisputed that Trimble's name had not been disclosed to appellee prior to trial. Appellee made a formal discovery request regarding the use of any expert witnesses by appellant; however, appellee asked for disclosure of any reports, memoranda, or other documents generated by an expert witness for use at trial. Appellee did not specifically and directly ask for the expert's name and address.

Civ.R. 26(B)(4)(b) relates specifically to the use of expert witnesses at trial. This rule provides as follows:

"[A] party by means of interrogatories may require any other party (i) to identify each person whom the other party expects to call as an expert witness at

trial, and (ii) to state the subject matter on which the expert is expected to testify. Thereafter, any party may discover from the expert or the other party facts known or opinions held by the expert which are relevant to the stated subject matter. Discovery of the expert's opinions and the grounds therefor is restricted to those previously given to the other party or those to be given on direct examination at trial."

This above rule sets forth the procedure to determine the identity of an expert witness. It provides that an interrogatory may be used to identify each expert and the subject matter of his testimony. The rule goes on to state that after identification of the expert a party may discover facts or opinions held by that expert. It is undisputed that appellee did not follow this procedure, skipping the initial procedure for identifying an expert witness and instead requesting copies of any document that witness may have generated. Technically then, appellant violated no rules of procedure when she failed to disclose the identity of an expert witness in a truthful response to a request for production of documents. Appellee technically should have sent appellant an interrogatory requesting this exact disclosure. That said, the self-stated purpose of discovery is to encourage the exchange of information between the parties so that cases can be thoroughly prepared and investigated. Civ.R. 26, while setting out certain procedures for facilitating such exchange, is by no means exhaustive or limiting. It was undoubtedly apparent to the trial court as it must have been to appellant what information appellee was attempting to discover in his request for production of documents despite the form of the request.

The question before us becomes whether the trial court abused its discretion by excluding the requested expert testimony. Admissibility of expert testimony lies within the discretion of the trial court. *Sindel v. Toledo Edison Co.* (1993), 87 Ohio App.3d 525, 622 N.E.2d 706. A trial court has broad discretion in discovery matters, and absent an abuse of that discretion a reviewing court should not reverse. *Vinci v. Ceraolo* (1992), 79 Ohio App.3d 640, 607 N.E.2d 1079.

In the instant matter, the trial court did not abuse its discretion. First, appellant was aware that appellee sought information regarding expert witnesses who might testify at trial. Appellee may have and perhaps should have used a more direct method of obtaining this information. The facts remain that appellant sought to use an expert found on the evening before trial without notice to appellee. While appellant did not directly violate the Civil Rules, she did violate the spirit and intent of those rules. The record reflects that the trial court thoroughly considered the motion to exclude the testimony, gave the parties a brief recess to reach some agreement on the issue, and finally made a decision that was not unreasonable or arbitrary under the facts of this case.

■ In so ruling, we are cognizant that the exclusion of testimony that would otherwise be admissible is a severe sanction for failure to abide by the Civil Rules. Ordinarily, this sanction "should be invoked only when clearly necessary to enforce willful noncompliance or to prevent unfair surprise." *Nickey v. Brown* (1982), 7 Ohio App.3d 32, 34, 7 OBR 34, 37, 454 N.E.2d 177, 180, citing *State v. O'Neil* (Feb. 17, 1982), Wayne App. No. 1771, unreported, 1982 WL 4880. In *Nickey,* counsel for the appellant had been requested by interrogatory to provide names and addresses of experts, which was done. Nickey's counsel also supplemented these, although this was done only days prior to trial, and the delay in supplementing was caused by the opposing counsel's actions. The trial court refused to allow Nickey's additional experts to testify.

The court of appeals ruled that there would not have been surprise to the defendant in allowing the additional experts to testify, especially since the defendant had never once attempted to discover the basis for their testimony in the week that he had their names and addresses. This failure on the part of the defense in addition to the availability of other less harsh sanctions and the fact that there was no willful noncompliance with the rules caused the *Nickey* court to reverse the lower court on this issue.

The matter at hand is easily distinguished from *Nickey.* Here, there was a total failure to provide the information so obviously requested, a failure which may itself rise to the level of willful noncompliance. Further, the witness was presented on the morning of trial, with absolutely no opportunity for the other side to discover the expert's opinion and the basis for that opinion. The prepared testimony could not have been anything other than a surprise.

Finally, as the trial court heard extensive testimony from Weimer on the issue of the alleged discrepancy in fair market value of the automobile and the damages it sustained, any error which may have arisen from having Trimble's testimony excluded was entirely harmless to appellant's case.

Appellant's second assignment of error is as follows:

"II. It was error for the trial court to refuse to permit plaintiff to present an expert by way of rebuttal after permitting defendant to present his expert on the issue of damages."

■ Appellant's only support for this argument is that the trial court permitted appellee to present an expert witness on the issue of damages who had not previously been disclosed to appellant. Therefore, appellant argues, failure to allow Trimble to rebut this testimony was prejudicial error. The record does not substantiate this claim.

The record reflects that appellee called Terry Costello, an adjuster with his insurance company, as a witness as to factual issues. Costello testified on direct

examination as to his involvement in conversations with the Weimers and Greenwood about the repairs being made to the automobile and with his discussions with Bank One over repossession. On cross-examination by appellant's own counsel, counsel then began to delve into the fair market value of the automobile and the standard for its determination. Apparently not satisfied with Costello's testimony on the issue, appellant again sought to have Trimble testify, not on those matters elicited by appellee on direct examination, but as to those things brought out by appellant herself on cross. This is an impermissible use of "rebuttal" testimony.

The standard has been set forth in *Nickey v. Brown, supra,* 7 Ohio App.3d at 35, 7 OBR at 37, 454 N.E.2d at 181, as follows:

"Rebutting evidence is that which is given to explain, repel, counteract, or disprove facts given in evidence by the adverse party. It is that evidence which has become relevant or important only as an effect of some evidence introduced by the other side."

Clearly, appellant cannot rebut evidence that was introduced by appellant's own counsel. Appellant may rebut evidence adverse to her side, but that evidence must be introduced by the opposing party and not by appellant herself.

For all of the foregoing reasons, the assignments of error are overruled, and the decision of the trial court is affirmed.

*Judgment affirmed.*

VUKOVICH, J., concurs.

COX, J., dissents.

Cox, Judge, dissenting.

I respectfully dissent from the majority's decision. The majority acknowledges that appellant violated no Rules of Civil Procedure when she failed to disclose the identity of an expert witness in a truthful response to a request for a production of documents. It was further noted that appellee submitted no interrogatories to appellant requesting the disclosure or identity of any expert witness to be called at trial.

The extreme sanction of excluding expert witness testimony is not justified when the party against whom the sanction is levied has not acted in bad faith, and where opposing counsel has not asked for a recess or a continuance. The exclusion of reliable and probative evidence is a severe sanction and should be invoked only when clearly necessary to punish willful noncompliance or to

prevent unfair surprise. See *Cucciolillo v. E. Ohio Gas Co.* (1980), 4 Ohio App.3d 36, 4 OBR 59, 446 N.E.2d 175, and *Nickey, supra.*

Under the particular circumstances of this case, I find neither intentional nor willful noncompliance with Civ.R. 26, nor evidence of unfair surprise to appellee that would be sufficient to warrant such a severe sanction as excluding appellant's probative evidence. The trial court certainly had available far less drastic remedies than exclusion of appellant's expert witness. It might simply have granted a continuance. The trial court's decision to exclude appellant's expert witness amounted to a gross abuse of discretion. The purpose of a trial is to present all the evidence to the trier of fact so that he or she may properly adjudicate and reach a decision based on the merits of the case. The exclusion of appellant's expert witness completely frustrated this purpose.

I would reverse and remand this matter to the trial court for further proceedings consistent with the above reasoning.