[Cite as *Columbia Gas of Ohio, Inc. v. Toledo Edison Co.*, 2015-Ohio-3942.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Columbia Gas of Ohio, Inc.

     Appellant

v.

The Toledo Edison Company, et al.

     Appellee

Court of Appeals No. L-14-1263

Trial Court No. CI0201206338

**DECISION AND JUDGMENT**

Decided: September 25, 2015

* * * * *

Michael L. Snyder, Jerome W. Cook, Joseph M. Muska and
Beth I. Gillin, for appellant.

Denise M. Hasbrook and Emily Ciecka Wilcheck, for appellee.

* * * * *

**SINGER, J.**

{¶ 1} Appellant, Columbia Gas of Ohio, Inc., appeals the judgment of the Lucas County Court of Common Pleas. For the reasons that follow, we affirm.

{¶ 2} Appellant sets forth four assignments of error:

I. The trial court erred as a matter of law by failing to take judicial notice mandated by Civ.R. 44.1(A)(1), (2) of the mandatory minimum legal duties imposed upon Appellee Toledo Edison by the statutory and regulatory law of the State of Ohio governing electric utilities and by failing to apply that law despite sufficient notice to the trial court and opposing counsel that Appellant Columbia Gas was relying upon this very statutory and regulatory law.

II. The trial court abused its discretion and committed reversible error by striking the affidavits of Bills and Carbonara where Appellant Columbia had complied with all pretrial orders, there was no order declaring Appellant Columbia to be in default of any discovery order, and where any good faith comparison of the affidavits and the SEA Reports would have eliminated the baseless and legally unsupported claim that there was any bad faith associated with their content or submission at the summary judgment stage.

III. The trial court abused its discretion by denying Appellant Columbia's Motion for Leave to file First Amended Complaint Instanter, with Amended Complaint attached, where no justification was provided in the trial court's order, the amended complaint only amplified on existing claims based upon facts discovered to date, only modified the damages

claim to include punitive damages and where over three months remained before the scheduled trial.

IV. The trial court erred as a matter of law by failing to apply the doctrine of res ipsa loquitur in support of Appellant Columbia's Motion for Summary Judgment and in opposition to Defendant's Motion for Summary Judgment where the facts support a reasonable person concluding that it is more likely that [sic] not that Appellant [sic] Toledo Edison's negligence was associated with the destruction of the regulator station by fire.

{¶ 3} Appellant owned a natural gas regulator station located on Manhattan Boulevard in Toledo, Ohio. In that vicinity, there was a wooden utility pole with a wooden crossarm and electrical equipment which were owned by appellee.

{¶ 4} On November 16, 2010, the primary conductor which had been attached to the crossarm on the utility pole fell off the insulator and onto three secondary conductors located on the pole below the primary line. Subsequently, a fire occurred which resulted in the destruction of appellant's regulator station.

{¶ 5} On November 15, 2012, appellant filed a complaint against appellee seeking to recover in excess of $25,000 which appellant alleged it expended in building a new natural gas regulator station. In its complaint, appellant alleged appellee was negligent, as well as negligent per se, by failing to inspect and maintain its equipment, record and retain documentation of defects, and remedy defects. Appellant also alleged damage to real and personal property.

3.

{¶ 6} Appellee answered the complaint then filed a motion for summary judgment. Appellant filed a motion for partial summary judgment to which it attached the affidavits of two of its experts, Randall Bills and Robert Carbonara. Appellee filed a motion to strike these affidavits. The trial court granted appellee's motion to strike. The trial court also granted appellee's motion for summary judgment finding that appellee demonstrated there was no genuine issue of material fact that appellee owed no duty to appellant as the events of November 16, 2010, were unforeseen, and there was no evidence that appellee breached a standard of care in the industry which proximately caused appellant's loss. Appellant timely appealed.

{¶ 7} Appellant's second assignment of error will be addressed first. Appellant claims the trial court abused its discretion in striking the two affidavits attached to its motion for partial summary judgment. Appellant contends the trial court's basis for striking the affidavits was that the affidavits were not produced before the expert identification deadline. Appellant argues it timely identified its experts and produced two expert reports, although there was no requirement by the trial court for the exchange of expert reports. Appellant submits it clarified for appellee that Bills was its expert to be called at trial to testify about the entire expert report, but there was no prohibition regarding the submission of another expert's affidavit in summary judgment briefing. Appellant maintains there was no bad faith related to the submission or content of the affidavits and the court's ruling effectively excluded the expert reports.

4.

**{¶ 8}** Appellee counters appellant represented to appellee that Bills would be appellant's only testifying expert. Appellee agues Bills' affidavit contained opinions not discussed at his deposition, and both affidavits included opinions not previously disclosed in expert reports. In addition, appellee contends Bills' affidavit contained averments which are contradictory to statements he made at his deposition, and no explanation for the contradictions was offered.

**{¶ 9}** A trial court's decision to grant or deny a motion to strike an affidavit is reviewed using an abuse of discretion standard. *Early v. The Toledo Blade*, 130 Ohio App.3d 302, 318, 720 N.E.2d 107 (6th Dist.1998). An abuse of discretion connotes that the lower court's attitude in reaching its judgment was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶ 10}** Affidavits offered in support of and in opposition to a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit." Civ.R. 56(E). Affidavits that contain hearsay or other inadmissible evidence are not sufficient to support a motion for summary judgment. *Tokles & Son, Inc. v. Midwestern Indem. Co.*, 65 Ohio St.3d 621, 605 N.E.2d 936 (1992); *JPMorgan Chase Bank v. Murdock*, 6th Dist. Lucas No. L-06-1153, 2007-Ohio-751, ¶ 25.

5.

**{¶ 11}** With respect to supplementation of discovery responses, Civ.R. 26(E)(1)(b) states in pertinent part:

> A party is under a duty seasonably to supplement his response with respect to any question directly addressed to * * * the identity of each person expected to be called as an expert witness at trial and the subject matter on which he is expected to testify.

**{¶ 12}** One purpose of the Rules of Civil Procedure is to facilitate the flow of pertinent information between parties by way of discovery requests and to eliminate unfair surprise. *Jones v. Murphy*, 12 Ohio St.3d 84, 86, 465 N.E.2d 444 (1984). "If discovery is to serve its purpose, the parties must be entitled, upon the unveiling of a contention, to a reasonable opportunity to prepare to defend against it." *Shumaker v. Oliver B. Cannon & Sons, Inc.*, 28 Ohio St.3d 367, 370, 504 N.E.2d 44 (1986), *abrogated on other grounds in State v. D'Ambrosio*, 67 Ohio St.3d 185, 616 N.E.2d 909 (1993). The purpose of Civ.R. 26(E)(1)(b) is to prevent "trial by ambush." *Id.* at 371. A trial court may exclude expert testimony as a sanction for violating Civ.R. 26(E). *Jones* at 85. Since the exclusion of otherwise reliable and probative evidence is an extreme sanction, a trial court should only exclude evidence when clearly necessary to enforce willful noncompliance or prevent unfair surprise. *Weimer v. Anzevino*, 122 Ohio App.3d 720, 725, 702 N.E.2d 940 (7th Dist.1997).

**{¶ 13}** Here, a review of the record shows appellant disclosed the identity of three expert witnesses, Bills, Carbonara and Jeffrey Lindsey. Appellee then requested to take

6.

the depositions of these three experts, via a notice of depositions duces tecum pursuant to Civ.R. 30(B), and directed the witnesses to bring with them numerous documents including any and all reports and opinions prepared with respect to the case. Thereafter, appellant's counsel notified counsel for appellee that "Randy [Bills] is our testifying expert." Counsel for appellee responded "[p]lease confirm that I understood your email below correctly and that only Randy will testify." Appellant's counsel replied "[a]greed. * * * [Randy] will be our testifying expert." Consequently, appellee issued an amended notice of deposition duces tecum only to Bills and only Bills' deposition was taken. Approximately six weeks later and with no notice to appellee, appellant offered the affidavits of Bills and Carbonara during summary judgment briefing. Appellee moved to strike the affidavits. As noted by the trial court in its decision to grant the motion to strike the affidavits, appellant did not dispute or deny that its counsel represented that Bills would be its only testifying expert, and that both Bills and Carbonara's affidavits contained opinions not included in the expert reports.

### Carbonara's Affidavit

{¶ 14} Appellant's counsel unequivocally represented to appellee's counsel that Bills would be its testifying expert. Since Carbonara would not be testifying as an expert at trial, the statements in Carbonara's affidavit are inadmissible hearsay and are not sufficient to support a motion for summary judgment. *Tokles, supra*; *Murdock, supra*. Accordingly, the trial court did not abuse its discretion in striking Carbonara's affidavit.

7.

**Bills' Affidavit**

{¶ 15} Appellee took Bills' deposition at which Bills testified that the entire scope of his opinions was contained in the two expert reports. Thus, following Bills' deposition, appellee had a reasonable expectation, in the absence of any supplementation, that Bills' opinions would be consistent with the responses provided during the discovery process. However, in Bills' affidavit, he rendered opinions on issues which were not included in the expert reports and which he did not disclose at his deposition.

{¶ 16} We conclude, to the extent that Bills' affidavit contains new, undisclosed testimony for which no discovery had been provided, the trial court did not abuse its discretion in striking Bills' affidavit. As to the remaining statements in Bills' affidavit which are consistent with his previous deposition testimony, we find the court erred in striking these statements. However, this error is harmless as the record shows Bills' deposition was filed with the trial court and the expert reports, which were discussed with Bills at his deposition, were marked as exhibits to his deposition. Therefore, Bills' deposition testimony and the expert reports are included in the trial court record.

{¶ 17} For the foregoing reasons, appellant's second assignment of error is not well-taken.

{¶ 18} In its first assignment of the error, appellant argues the trial court should have taken judicial notice, as required by Civ.R. 44.1(A)(1) and (2), of the minimum legal duties imposed upon appellee by Ohio's statutory and regulatory law governing electric utilities, including certain Ohio Revised Code sections, Ohio Administrative

8.

Code ("OAC") regulations and relevant NESC (National Electric Safety Code) rules, and applied them. Appellant requests that this court take judicial notice of the foregoing laws, rules and regulations, apply them, and find appellee negligent as a matter of law.

{¶ 19} Appellee counters the NESC standards cited by appellant were not a part of the summary judgment record, as the standards were mentioned in Carbonara's affidavit, and that affidavit was stricken from the summary judgment record. Appellee argues even if the court took judicial notice of these standards it does not mean appellee was negligent. Appellee further contends appellant's request for this court to take judicial notice of these regulations and find appellee breached the regulations is wholly without merit.

{¶ 20} Civ.R. 44.1(A) provides:

(1) Judicial notice shall be taken of the rules of the supreme court of this state and of the decisional, constitutional, and public statutory law of this state.

(2) A party who intends to rely on a municipal ordinance, a local rule of court, or an administrative regulation within this state shall give notice in his pleading or other reasonable written notice.

{¶ 21} Decisions concerning judicial notice are generally reviewed under an abuse of discretion standard. *Reichman v. Reichman*, 5th Dist. Tuscarawas No. 2001 AP 12 0112, 2002-Ohio-4712, ¶ 23. However, if a party fails to object when a trial court does not take judicial notice, only plain error may be raised on appeal. *Kessler v. Kessler*, 6th

9.

Dist. Huron No. H-86-28, 1986 WL 14832, *3 (Dec. 19, 1986). Plain error must be prejudicial to such an extent that it has a materially adverse effect on the character and public confidence in the judicial proceedings. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 209, 436 N.E.2d 1001 (1982). The plain error doctrine is used in civil cases only under exceptional circumstances to avoid a manifest miscarriage of justice. *Cleveland Elec. Illum. Co. v. Astorhurst Land Co.*, 18 Ohio St.3d 268, 275, 480 N.E.2d 794 (1985).

{¶ 22} Here, a review of the admissible evidence in the record indicates appellant's complaint contained allegations that appellee failed to comply or act in accordance with certain Ohio Revised Code sections, OAC sections and the NESC. These allegations were sufficiently pled to give notice that appellant intended to rely on these authorities. Thus, the trial court could have taken judicial notice of these authorities had appellant so requested, however, appellant did not move the trial court to take judicial notice of any laws, rules or regulations. Therefore, appellant's claim that the trial court erred in not taking judicial notice of and applying certain Ohio Revised Code sections, OAC sections and the NESC will be reviewed under a plain error analysis.

{¶ 23} Upon review of the record we find no manifest injustice in the proceedings in the trial court which would constitute plain error. Appellant presented no admissible evidence that appellee violated any particular provision or section of the Ohio Revised Code, the OAC or the NESC. Therefore, there was no plain error in the trial court not

10.

taking judicial notice of these authorities, nor was there plain error in the trial court not applying them to find appellee negligent.

{¶ 24} In addition, appellant has requested that we take judicial notice of and apply relevant Ohio Revised Code sections, the OAC, and the NESC, and find appellee negligent. We decline to take judicial notice of and apply these authorities to find appellee was negligent, as there is no admissible evidence in the record that appellee violated any particular section of the Ohio Revised Code or the OAC or any provision of the NESC. Accordingly, appellant's first assignment of error is not well-taken.

{¶ 25} In its third assignment of error, appellant contends the trial court abused its discretion in denying its motion for leave to file an amended complaint.

{¶ 26} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and leave "shall be freely granted when justice so requires." *Turner v. Cent. Local School Dist.*, 85 Ohio St.3d 95, 99, 706 N.E.2d 1261 (1999). Although the rule allows for liberal amendment, a motion to amend should be denied if there is a showing of bad faith, undue delay or undue prejudice to the opposing party. *Id.* A trial court's decision to grant or deny a motion for leave to amend a pleading is discretionary and will not be reversed unless the court abused its discretion. *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996).

{¶ 27} Here, the trial court did not set forth its basis for denying appellant's motion for leave to amend. However, a review of the record shows with respect to the timing of appellant's motion, that it was filed almost two years after the original

11.

complaint was filed and one day after the court's denial of appellant's motion to continue the trial date and set alternative cut off dates. When appellant sought leave to amend, it was less than a week before the deadline for the filing of summary judgment motions, and the deadlines for disclosing expert witnesses had already passed.

{¶ 28} Appellant's proposed amended complaint contained 60 numbered paragraphs, while the original complaint had 24 numbered paragraphs. Appellant offered no explanation for the delay in seeking to amend its complaint and the addition of these new allegations other than to "update and refine the allegations to conform to the information revealed by discovery." The allowance of these additional allegations would require appellee to file additional pleadings and engage in further discovery, although extensive discovery had already been conducted. In turn, the deadline for filing motions for summary judgment would need to be extended, and other cut off dates would also need to be changed.

{¶ 29} Based on our review of the record, we cannot say the trial court abused its discretion by denying appellant leave to amend its complaint, as appellant's motion was untimely and appellee would be prejudiced by allowing the amendment. Accordingly, appellant's third assignment of error is not well-taken.

{¶ 30} In the fourth assignment of error, appellant argues the court erred in failing to apply the doctrine of res ipsa loquitur when ruling on the motions for summary judgment. Appellant maintains appellee was in exclusive control and management of the electrical equipment on the utility pole, the weather at the time was mild with no

12.

lightning and the failure of the crossarm and the re-energization of the circuit would not have occurred in the absence of appellee's negligence.

{¶ 31} The doctrine of res ipsa loquitur is a rule of evidence which permits a plaintiff to prove negligence circumstantially by showing (1) the instrumentality which caused the harm was in the exclusive control of the defendant and (2) the event which caused the harm was not the type which would normally occur in the absence of the defendant's negligence. *Hake v. Wiedemann Brewing Co.*, 23 Ohio St.2d 65, 66-67, 262 N.E.2d 703 (1970). Whether a plaintiff has met this burden is a question of law to be determined by the trial court. *Id.* at 67.

{¶ 32} Here, appellant failed to show that the instrumentality which caused the regulator station fire was under the exclusive control of appellee. While appellant claims the fire was more likely than not associated with appellee's negligence, appellee produced evidence that the fire occurred due to other causes, namely, the weather and appellant's own failure to ground the equipment. Based on the evidence presented, this is not a situation where the doctrine of res ipsa loquitur should have been applied. The trial court therefore did not err in failing to apply the doctrine. Accordingly, appellant's fourth assignment of error is found not well-taken.

13.

**{¶ 33}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Arlene Singer, J. _____

_____
JUDGE

Thomas J. Osowik, J. _____

_____
JUDGE

Stephen A. Yarbrough, P.J. _____
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.sconet.state.oh.us/rod/newpdf/?source=6.