OPINION
{¶ 1} Plaintiff, Gary A. Howard is a home-improvement contractor. Howard and Defendant, Arthur Stringer, agreed that Howard would perform improvements to Stringer's residential property for a specified price. After Howard commenced work he and Stringer agreed to certain additions and modifications. Stringer paid the agreed price in several installments. Believing he was entitled to additional compensation, Howard commenced the underlying action on a claim for breach of contract. Stringer answered and filed a counterclaim for breach of contract, alleging that Howard had not performed in a workmanlike manner.
 {¶ 2} The case was referred to a magistrate for hearings and decision. The magistrate entered a decision finding that, because Howard had left some work unfinished and other work he performed required significant repairs, Howard is barred from recovery on his breach of contract claim. The magistrate further found that, for those same reasons, Stringer is entitled to a judgment on his breach of contract claim in the amount of $5,737.25, plus interest and costs.
 {¶ 3} Howard filed objections to the magistrate's decision. The trial court overruled the objections and adopted the decision as the court's judgment. Howard filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 4} "IT WAS ERROR FOR THE COURT OF COMMON PLEAS TO GRANT JUDGMENT ON STRINGER'S COUNTERCLAIM HOLDING THAT HOWARD BREACHED HIS CONTRACT WITH STRINGER FOR FAILURE TO PERFORM HIS DUTIES IN A WORKMANLIKE MANNER.
 {¶ 5} "A. THIS COURT SHOULD REVERSE THE LOWER COURT'S DECISION TO AWARD DAMAGES AGAINST HOWARD FOR BREACH OF CONTRACT BECAUSE THE CONTRACT WAS SUBSTANTIALLY PERFORMED.
 {¶ 6} "B. THIS COURT SHOULD REVERSE THE LOWER COURT'S DECISION TO AWARD DAMAGES AGAINST HOWARD FOR NEGLIGENCE BECAUSE HOWARD DID NOT BREACH ANY DUTY TO PERFORM UNDER THE CONTRACT."
 {¶ 7} App.R. 9(B) imposes the duty on an appellant to file a transcript of the proceedings underlying the final order or judgment from which the appeal is taken and concerning which the appellant seeks appellate review. State ex rel. Montgomery v.RD Chem. Co., 72 Ohio St.3d 202, 1995-Ohio-21. If the transcript is not included in the record of a civil case, the court of appeals may assume factual findings are correct and affirm the appealed judgment unless error of law is demonstrated.Smith v. Ohio Dep't. Of Rehabilitation Correction (1995),104 Ohio App.3d 21.
 {¶ 8} The brief on appeal that Howard filed cites to a record, but it appears that those references are to a video tape recording. "A videotape recording of the proceedings constitutes the transcript of proceedings other than hereinafter provided, and, for purposes of filing, need not be transcribed into written form." App.R. 9(A). However, even when the proceedings are recorded by videotape and the videotape is the official transcript, the appellant must "type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." App.R. 9(A).
 {¶ 9} Whether Howard substantially performed his contract obligation and/or breached his contractual obligations are questions of law which turn on facts, and as the proponent of the error assigned it is Howard's burden to portray them. As the magistrate's decision shows, the questions of fact she decided were numerous and complex. Howard failed to type or print the relevant of the video transcript, append them to his brief, and certify their accuracy. Therefore, we necessarily assume that the magistrate's findings were correct and that the judgment the trial court entered on those findings was regular and lacking in error.
 {¶ 10} The assignment of error is overruled. The judgment of the trial court will be affirmed.
Brogan, P.J. And Young, j., concur.
Hon. Frederick N. Young, Retired from the Court of Appeals, Second District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.