OPINION
{¶ 1} Plaintiff-appellant Nathan W. Craig appeals from a decision of the Montgomery County Court of Common Pleas adopting the decision of the magistrate which found for the defendant-appellee Montgomery County Department of Job and Family Services (hereinafter "MCJFS"). Craig initially filed the suit alleging racial discrimination after his position in the department was terminated following the discovery of prohibited internet usage and evidence of pornography on his workplace computer.
 {¶ 2} Following a bench trial on November 15 and 16, 2004, and ending on December 3, 2004, the magistrate issued a judgment on February 22, 2005, in favor of MCJFS and ordering Craig to pay the costs of the action. Craig responded by filing objections to the decision of the magistrate on March 11, 2005. On April 22, 2005, the trial court filed an order adopting the decision of the magistrate. Craig filed a notice of appeal with this Court on May 6, 2005.
 I {¶ 3} The record before us demonstrates that on May 17, 2002, the building in which MCJFS is located was the target of a bomb threat. As the building was being evacuated, an MCJFS supervisor, Doug Thompson, was shutting down employee computers when he discovered evidence of prohibited internet use and pornography on Craig's computer. A more thorough investigation of Craig's computer disclosed the following violations of the computer policy: 1) sending and receiving non-work related e-mail, 2) inappropriate internet usage, and 3) receiving and storing pornography. In light of these violations, Craig's employment at MCJFS was terminated.
 {¶ 4} Thompson's investigation also revealed that another employee, Brian Sallot, violated the computer policy when he sent an e-mail to Craig in which he referred to a child involved with MCJFS as a "ghetto bastard." Additionally, Thompson discovered that Sallot had sent and received numerous personal e-mails on his work computer. Sallot, who was initially terminated along with Craig, was ultimately given a five-day suspension based on the violation. Craig argues that he was terminated from his position because he is black, while Sallot, who is white, was only suspended for his violation.
 {¶ 5} Craig filed suit for race discrimination alleging that he received disparate treatment from MCJFS when he was terminated from his position for the computer policy violations, while Sallot was only suspended for his violation. As aforementioned, the matter was heard before a magistrate during a bench trial. The magistrate found for MCJFS, and Craig filed objections with the trial court. The trial court adopted the decision of the magistrate. It is from this judgment that Craig now appeals.
 II {¶ 6} Craig's sole assignment of error is as follows:
 {¶ 7} "THE TRIAL COURT APPLIED AN OVERLY NARROW READING OF THE ELEMENT `SIMILARLY SITUATED OR COMPARABLE IN ALL RELEVANT ASPECTS' IN FINDING APPELLANT FAILED TO PROVE A PRIMA FACIE CASE OF RACIAL DISCRIMINATION."
 {¶ 8} Pursuant to Civ. R. 53(E)(3), a party who disagrees with a magistrate's proposed decision must file objections to said decision. Claims of trial court error must be based on the actions taken by the trial court, itself, rather than the magistrate's findings or proposed decision. When reviewing objections to a magistrate's decision, the trial court is not required to follow or accept the findings or recommendations of its magistrate. Breece v. Breece (Nov. 5, 1999), Darke App. No. 99-CA-1491; Seagraves v. Seagraves (Aug. 25, 1995), Montgomery App. Nos. 15047 and 15069. In accordance with Civ. R. 53, the trial court must conduct an independent review of the facts and conclusions contained in the magistrate's report and enter its own judgment. Dayton v. Whiting (1996), 110 Ohio App.3d 115,118, 673 N.E.2d 671. Thus, the trial court's standard of review of a magistrate's decision is de novo.
 {¶ 9} An "abuse of discretion" standard, however, is the appellate standard of review. When an appellate court reviews a trial court's adoption of a magistrate's report for an abuse of discretion, such a determination will only be reversed where it appears that the trial court's actions were arbitrary or unreasonable. Proctor v. Proctor (1988), 48 Ohio App.3d 55,60-61, 548 N.E.2d 287. Presumptions of validity and deference to a trial court as an independent fact-finder are embodied in the abuse of discretion standard. Whiting, supra.
 {¶ 10} An abuse of discretion means more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140. When applying the abuse of discretion standard, an appellate court may not merely substitute its judgment for that of the trial court.Berk v. Mathews (1990), 53 Ohio St.3d 161, 169,559 N.E.2d 1301.
 {¶ 11} Craig frames the sole issue on appeal as whether or not the parties are similarly situated with respect to the elements of racial discrimination. Craig contends that no distinction can be drawn between his violations of the computer policy and those perpetrated by Sallot. Thus, Craig asserts that the trial court erred when it adopted the magistrate's decision which found that Craig and Sallot were not similarly situated for the purposes of the racial discrimination statute.
 {¶ 12} In reviewing an assigned error on appeal, pursuant to App. R. 12(A)(1)(b), we are confined to the record that was before the trial court as defined in App. R. 9(A). See Lamar v.Marbury (1982), 69 Ohio St.2d 274, 277, 431 N.E.2d 1028. App. R. 9(A) identifies the record on appeal as consisting of "the original papers and exhibits thereto filed in the trial court,the transcript of the proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *."
 {¶ 13} App. R. 9(A) provides if the transcript of the proceedings is in the video tape medium, counsel for appellant shall print or type those portions of the transcript necessary for the court to determine the questions presented, shall certify their accuracy, and append such copy of the portions of the transcript to the brief. Additionally, App. R. 9(B) imposes the duty on an appellant to file a transcript of the proceedings underlying the final order or judgment from which the appeal is taken and concerning which the appellant seeks appellate review.State ex rel. Montgomery v. R D Chem. Co. (1995),72 Ohio St.3d 202, 1995-Ohio-21. If the transcript is not included in the record of a civil case, the court of appeals may assume factual findings are correct and affirm the appealed judgment unless error of law is demonstrated. Howard v. Stringer (Dec. 9, 2005), Montgomery App. No. 20992, 2005-Ohio-6538.
 {¶ 14} In the instant case, Craig does not provide a copy of the written transcript or a copy of the videotape of the proceedings before the magistrate. Craig defends the omission of the transcript from the appellate record by arguing that it is unnecessary because sufficient information is before this Court to allow a determination of whether or not the parties are similarly situated with respect to the current elements of racial discrimination. We disagree.
 {¶ 15} Whether Craig and Sallot are similarly situated employees for the purposes of the racial discrimination statute is a question of law which turns on facts presented by both parties during the bench trial before the magistrate. As the appellant, it is Craig's burden to portray those facts in a manner which supports his claim. Without a written transcript of the bench trial, we have no way of knowing the evidence upon which the magistrate reached the conclusion that Craig and Sallot were not similarly situated. It is clear from Craig's appellate brief that he fails to appreciate the effect of not providing a transcript.
 {¶ 16} Thus, without a copy of the relevant portions of the transcript, we necessarily assume that the magistrate's findings were correct and that the judgment the trial court entered on said findings was regular and lacking in error.
 {¶ 17} Craig's sole assignment of error is overruled.
 III {¶ 18} Craig's sole assignment of error having been overruled, the judgment of the trial court adopting the magistrate's decision is affirmed.
Brogan, J. and Fain, J., concur.