OPINION
{¶ 1} As a result of stealing his mother's diamond ring, Defendant John Dooley was indicted on August 3, 2005, in Montgomery County Common Pleas Court Case No. 2005-CR-2963 on one count of Theft from an elderly or disabled person in violation of R.C. 2913.02(A)(1), (B)(3), a felony of the fifth *Page 2 
degree. Subsequently, on October 17, 2005, Defendant was indicted in Case No. 2005-CR-4164 on additional charges involving the robbery and murder of his mother; one count of aggravated murder, R.C. 2903.01(B), and one count of aggravated robbery, R.C. 2911.01(A)(1). The trial court joined the two cases for trial.
 {¶ 2} During the ensuing jury trial, Defendant entered a plea of guilty to the theft charge in Case No. 2005-CR-2963. The jury found Defendant guilty of aggravated murder and aggravated robbery in Case No. 2005-CR-4164. The trial court sentenced Defendant to the maximum allowable twelve month prison term for theft, and ordered that sentence to run consecutively to a life imprisonment plus ten year sentence imposed in Case No. 2005-CR-4164.
 {¶ 3} Defendant separately appealed his conviction and sentence for theft in Case No. 2005-CR-2963. Defendant's appellate counsel filed an Anders brief, Anders v.California (1967), 386 U.S. 738, 87 S.Ct. 1396, 19 L.Ed.2d 493, stating that he could not find any meritorious issues for appellate review. We notified Defendant of his appellate counsel's representations and afforded him ample time to file a pro se brief. None has been received. This case is now before us for our independent review of the record.Penson v. Ohio *Page 3 
(1988), 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300.
 {¶ 4} Defendant's appellate counsel has raised three possible issues for appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "APPELLANT DID NOT MAKE A KNOWING AND VOLUNTARY GUILTY PLEA."
 {¶ 6} Defendant argues that the trial court in accepting his guilty plea to the theft charge did not comply with all of the procedural requirements in Crim.R. 11(C)(2). Specifically, Defendant claims that the court did not inform him of the effect of his guilty plea, and therefore his guilty plea was not knowingly, intelligently and voluntarily entered.
 {¶ 7} App.R. 9(A) requires counsel for appellant, when the transcript of proceedings is in the videotape medium, as it is here, to type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append a copy of those portions of the transcript to appellant's brief. That has not been done in this case. We have not been provided any typed or printed portions of the trial transcript, much less the relevant portion which encompasses the plea colloquy between Defendant and the trial court at the time Defendant entered his guilty plea to the theft charge. Therefore, Defendant has *Page 4 
failed to meet his burden under App.R. 9(B) to provide this court with an adequate record on appeal in compliance with App.R. 9 that exemplifies the error claimed on appeal. Under those circumstances, we must presume the regularity and validity of the trial court's proceedings and affirm. Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197. This assignment of error lacks arguable merit.
SECOND ASSIGNMENT OF ERROR
 {¶ 8} "APPELLANT'S TRIAL COUNSEL'S FAILURE TO OBJECT TO APPELLANT'S EXCESSIVE AND CONSECUTIVE SENTENCE CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL."
 {¶ 9} Defendant argues that his trial counsel performed deficiently because he failed to object to the sentence imposed upon Defendant. Defendant does not, however, discuss or even identify the specific defect in sentencing that he now claims his trial counsel should have objected to, much less provide reasons and citations to authority in support of his contention. That fails to satisfy the requirements of App.R. 16(A).
 {¶ 10} The twelve month prison term imposed by the trial court in this case, while the maximum sentence for a felony of the fifth degree, is nevertheless within the statutorily authorized range of punishments for a fifth degree felony, *Page 5 
R.C. 2929.14(A)(5), and the trial court had full discretion to impose any sentence within that range and was not required to make any findings or give its reasons for imposing maximum or consecutive sentences.State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856. This assignment of error lacks arguable merit.
THIRD ASSIGNMENT OF ERROR
 {¶ 11} "THE TRIAL COURT FAILED TO FOLLOW THE REQUIREMENTS OF O.R.C.2929.11(B), APPELLANT'S SENTENCE IS INCONSISTENT WITH SENTENCES OF SIMILAR OFFENDERS, A LESSER SENTENCE IS COMMENSURATE WITH AND WOULD NOT DEMEAN THE SERIOUSNESS OF THE OFFENSE AND IMPACT OF THE VICTIM AND CONSECUTIVE SENTENCES ARE NOT JUSTIFIED."
 {¶ 12} Defendant argues that the trial court failed to engage in an analysis of the proportionality and consistency of the sentence it imposed pursuant to the requirements of R.C. 2929.11(B) that the sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 13} Because the record before us does not include a typed or printed transcript of the sentencing hearing, App.R. 9(A), the record does not exemplify this claimed error. Neither does it demonstrate that Defendant properly raised *Page 6 
this issue in the trial court by providing a basis to compare his sentence with both sentences in more serious crimes and with the sentences imposed upon similarly situated defendants charged with similar crimes. In any event, R.C. 2929.11(B) does not mandate specific findings; rather, it sets forth objectives for sentencing courts to follow. State v. Douse, Cuyahoga App. No. 82008, 2003-Ohio-5238;State v. Smith, Cuyahoga App. No. 81056, 2003-Ohio-168; State v.Quire, Summit App. No. 20968, 2002-Ohio-6987; State v. Lathan, Lucas App. No. L-03-1188, 2004-Ohio-7074. This assignment of error lacks arguable merit.
 {¶ 14} In addition to reviewing the possible issues for appeal raised by Defendant's appellate counsel, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Defendant's appeal is without merit and the judgment of the trial court will be affirmed.
 WOLFF, P.J. And BROGAN, J., concur. *Page 1