OPINION
{¶ 1} Defendant, Vincent Lipscomb, appeals from his conviction and sentence for carrying concealed weapons, having weapons while under a disability, and possession of marijuana, which were entered upon his no contest pleas after the trial court overruled Defendant's motion to suppress evidence. *Page 2 
 {¶ 2} The facts found by the trial court when it denied Defendant's motion to suppress are:
 {¶ 3} "On or about July 27, 2007, deputies from the Montgomery County Sheriff's Office were dispatched to the Auto Zone store at 4725 North Main Street, Dayton, Ohio 45405. The deputies were dispatched on a narcotics complaint. The dispatch contained information that there were two vehicles in the AutoZone parking lot involved in this situation and descriptions and license plate numbers were included.
 {¶ 4} "Deputy Schumacher of the Montgomery County Sheriff's Department arrived on the scene and found the two vehicles that were described in the dispatch. The license plate number on one and a temporary tag on another were consistent with the dispatch. At the time he arrived, Deputy Schumacher did not find any person in the vehicles. The deputy remained on the scene. Shortly after his arrival, Deputy Schumacher saw a black male exit the Auto Zone store and get in a Pontiac. The Pontiac was one of the two vehicles described. The other vehicle was a white Toyota.
 {¶ 5} "Deputy Schumacher approached the Pontiac and asked the black male for an ID. The black male, Defendant, indicated that he did not have a driver's license. So Deputy Schumacher asked the Defendant to step out of the vehicle. *Page 3 
The Defendant did step out of the vehicle and he was `patted down' by Deputy Schumacher for his (Schumacher's) own protection. No weapons or contraband were found on the Defendant at that time.
 {¶ 6} "Deputy Schumacher placed Mr. Lipscomb in the back seat of his cruiser and obtained information such as social security number. Based on that information and by use of the in cruiser computer, Deputy Schumacher felt Defendant's license was suspended. The deputy decided to charge Defendant with the offense of Driving Under Suspension.
 {¶ 7} "Deputy Schumacher asked Defendant if he would consent to having the Pontiac searched. Defendant consented to the search. Deputy Schumacher looked in the Pontiac and saw some marijuana seeds on the console or dash. Defendant admitted the marijuana was his. So Deputy Schumacher advised Defendant that he was under arrest for driving under suspension and a marijuana possession charge.
 {¶ 8} "Since the Defendant was being arrested and his license was suspended, Deputy Schumacher considered disposition of the Pontiac. The Pontiac was registered to a female and not the Defendant. Deputy Schumacher did not attempt to contact the registered owner. He decided to request a tow. *Page 4 
 {¶ 9} "Since the vehicle was being towed, Deputy Schumacher engaged in an inventory search of the vehicle. He executed the search according to the policy of the Montgomery County Sheriff's Office. As a part of that inventory search, the deputy went into the glove compartment. The glove compartment did not open easily.
 {¶ 10} "The County Sheriff's Department policy provides for opening of a glove compartment if the opening can be done without damage to the exterior of the glove box. The mechanism or opening to the glove box including the lock was not functioning. The deputy surmised that the lock had been damaged before this incident. He could not open the glove box with the ignition key, so he pried it open. Inside the glove compartment, the deputy found a Glock firearm and baggies of marijuana. Upon this discovery, he called the Organized Crime Unit of the Sheriff's Office."
 {¶ 11} Defendant was indicted for carrying concealed weapons, R.C. 2923.12(A)(2), having weapons while under a disability, R.C. 2923.13(A)(3), and possession of marijuana (over 200 but less than 1,000 grams), R.C. 2925.11(A). Defendant filed a motion to suppress the drugs and weapons found during a search of his vehicle. Following a hearing, the trial court overruled Defendant's motion to suppress, *Page 5 
concluding that the search of Defendant's locked glove compartment which produced the drugs and weapons giving rise to these charges was a valid inventory search. Subsequently, Defendant entered pleas of no contest to the offenses as charged and was found guilty. The trial court sentenced Defendant to concurrent prison terms totaling one year.
 {¶ 12} Defendant timely appealed to this court from his conviction and sentence.
ASSIGNMENT OF ERROR
 {¶ 13} "THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN OVERRULING DEFENDANT-APPELLANT'S MOTION TO SUPPRESS ON THE GROUNDS THAT THE STATE CONDUCTED A VALID INVENTORY SEARCH OF THE VEHICLE."
 {¶ 14} Defendant argues that the evidence presented was insufficient to demonstrate a valid inventory search of his vehicle; that is, to show what the Montgomery County Sheriff's Office standardized, routine inventory search policy is, and how Deputy Schumacher's conduct in this case conformed to that policy. State v. Wilcoxson (July 25, 1997), Montgomery App. No. 15928. However, Defendant has failed to provide this court with the typed or printed portions of the transcript of the suppression hearing necessary for resolution of his assigned error. Thus, we have nothing to pass upon, and must *Page 6 
presume the validity of the trial court's proceedings and affirm its judgment.
 {¶ 15} App. R. 9(A) clearly requires that when the transcript of proceedings is in the videotape medium, as it is here, counsel for appellant shall type or print those portions of the transcript necessary for the appellate court to determine the questions presented, certify their accuracy, and append a copy of those portions of the transcript to appellant's brief. Defendant did not do that in this case.
 {¶ 16} In Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199, the Ohio Supreme Court stated:
 {¶ 17} "The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App. R. 9(B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *.' When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to *Page 7 
pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."
 {¶ 18} Defendant has not provided this court with the typed or printed portions of the transcript of the suppression hearing necessary to resolve his claimed error that the evidence presented was not sufficient to demonstrate a valid inventory search of his vehicle. Under those circumstances we must presume the regularity and validity of the lower court's proceedings and affirm its judgment. Knapp; State v. Dooley,Montgomery App. No. 22101, 2007-Ohio-7160.
 {¶ 19} Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
FAIN, J. And DONOVAN, J., concur.
Copies mailed to:
Michele D. Phipps, Esq.
Craig W. Saunders, Esq.
 Hon. Timothy N. O'Connell *Page 1