OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Randy Matthews, filed March 6, 2008. On May 4, 2007, Matthews was indicted on one count of possession of crack cocaine, in an amount equal or greater to one gram but less than 5 grams, in violation of R.C. 2925.11(A), a felony of the fourth degree. On October 27, 2007, Matthews entered a plea of not *Page 2 
guilty, and on November 9, 2007, he filed a motion to suppress. Following an evidentiary hearing on January 8, 2008, the trial court overruled Matthews' motion. Matthews entered a plea of no contest, and the trial court sentenced him to five years of community control sanctions.
 {¶ 2} Matthews asserts one assignment of error as follows:
 {¶ 3} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO SUPPRESS EVIDENCE."
 {¶ 4} In its decision overruling Matthews' motion to suppress, the trial court adopted "the findings of fact and conclusions of law set forth on the record at the conclusion of the hearing." Attached to Matthews' brief, as Appendix A, is "Attorney Partial Transcription of Videotaped Motion to Suppress Hearing January 4, 2008 (Court Findings of Fact)."
 {¶ 5} App. R. 9(A) provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." "In Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199, the Ohio Supreme Court stated: `The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See State v. Skaggs (1978),53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App. R. 9 (B), which provides, in part, that `* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * * .'" State v. Lipscomb, Montgomery App. 22519, 2008-Ohio-6235, ¶ 16-17. *Page 3 
 {¶ 6} App. R. 9(A) further provides, "When the transcript of proceedings is in the videotape medium, counsel shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs." (Emphasis added). "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Lipscomb, id.
 {¶ 7} While Matthews attached what he claims are the trial court's findings of fact to his brief, he did not certify the accuracy of what he transcribed, as App. R. 9(A) requires. Further, Matthews only attached a partial transcript, omitting the trial court's analysis and conclusions of law. While it is within our discretion to review the videotape before us of the hearing on Matthews' motion to suppress, until the express requirements of App. R. 9(A) are changed, "we decline to exercise our discretion to avoid the rule's requirements in order to cure Appellant's failure to comply with the express requirements of the rule." See Credit Investments Inc. v. Kraus, Montgomery App. No. 18825, 2001-Ohio-7076. Accordingly, we presume the validity of the trial court's proceedings on Matthews' motion to suppress, and we overrule Matthews' assignment of error. The judgment of the trial court is affirmed.
FROELICH, J., concurs.
GRADY, J., concurs in judgment only. *Page 1