[Cite as *State v. Watson*, 2011-Ohio-5213.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                  :

    Plaintiff-Appellant                  :          C.A. CASE NO.    24546

v.                                             :          T.C. NO.    10CRB1810

JOSEPH R. WATSON                               :            (Criminal appeal from
                                                             Municipal Court)
    Defendant-Appellee               :

                                               :

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___7th___ day of ___October___, 2011.

. . . . . . . . . .

RAYMOND J. DUNDES, Atty. Reg. No. 0041515, Prosecuting Attorney, City of Riverside, 7 S. Mechanic Street, Lebanon, Ohio 45036
    Attorney for Plaintiff-Appellant

MICHAEL P. DAILEY, Atty. Reg. No. 0085986, Assistant Public Defender, 117 S. Main Street, Suite 400, Dayton, Ohio 45422
    Attorney for Defendant-Appellee

. . . . . . . . . .

DONOVAN, J.

{¶ 1}  On November 3, 2010, defendant-appellee Joseph Watson was indicted for one count of possession of drug abuse instruments and two counts of possession of drug paraphernalia, resulting from the search of a vehicle in which Watson was a passenger. Watson

filed a motion to suppress on November 16, 2010 and a supplemental motion to suppress on December 6, 2010. The hearings for the motions were bifurcated and severed. Following a hearing on December 14, 2010, the trial court overruled Watson's first motion, holding that the initial stop that lead to the search was lawful. The trial court then heard Watson's supplemental motion on January 25, 2010, and thereafter sustained the motion, holding that the time elapsed during the vehicle stop to secure a drug dog was unreasonable. On March 17, 2011, the State filed a Motion for Clarification and Reconsideration in the trial court. However, on March 22, 2011, after correcting a scrivener's error, the court reaffirmed its holding in granting Watson's supplemental motion to suppress. The State then filed a timely notice of appeal to this Court on March 23, 2011.

{¶ 2} The State asserts two assignments of error as follows:

{¶ 3} I. "THE TRIAL COURT ERRORED WHEN IT SUSTAINED APPELLEE-DEFENDANT'S MOTION TO SUPPRESS IN THIS CASE IN THAT APPELLEE-DEFENDANT DID NOT HAVE STANDING TO CHALLENGE THE FREE-AIR SNIFF AND SEIZURE OF CONTRABAND IN THIS CASE."

{¶ 4} II. "THE TRIAL COURT ERRORED WHEN IT SUSTAINED APPELLEE-DEFENDANT'S MOTION TO SUPPRESS IN THAT THE TIME NEEDED FOR OFFICER COLON TO WRITE A TRAFFIC TICKET AND HAVE A FREE-AIR SNIFF CONDUCTED ON THE AUTOMOBILE WAS REASONABLE UNDER THE CIRCUMSTANCES."

{¶ 5} "Regarding a motion to suppress, 'the trial court assumes the role of trier of facts and is in the best position to resolve questions of fact and evaluate the credibility of witnesses.'

*State v. Hopfer* (1996), 112 Ohio App.3d 521, 548, 679 N.E.2d 321, quoting *State v. Venham* (1994), 96 Ohio App.3d 649, 653, 645 N.E.2d 831. The court of appeals must accept the trial court's findings of fact if they are supported by competent, credible evidence in the record. *State v. Isaac,* Montgomery App. No. 20662, 2005-Ohio-3733, 2005 WL 1707019, citing *State v. Retherford* (1994), 93 Ohio App.3d 586, 639 N.E.2d 498. Accepting those facts as true, the appellate court must then determine, as a matter of law and without deference to the trial court's legal conclusion, whether the applicable legal standard is satisfied. Id." *State v. Demus*, 192 Ohio App. 3d 181, 186, 2011-Ohio-124, *appeal not allowed*, 128 Ohio St. 3d 1484, 2011-Ohio-2055. Accordingly, in order to resolve the State's assigned errors, we must examine the factual findings of the trial court in sustaining Watson's supplemental motion to suppress.

**{¶ 6}** In reviewing assigned error on appeal we are confined to the record that was before the trial court as defined in App. R. 9(A). *Craig v. Montgomery County Bd. of County Commrs.*, Montgomery App. No. 21056, 2006-Ohio-1132, ¶ 12, citing App. R. 12(A)(1)(b). App. R. 9(A) provides that the record on appeal consists of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court." At the time the record was filed in this case, App.R. 9(A) further provided that "[w]hen the transcript of proceedings is in the videotape medium, counsel *shall type or print those portions of such transcript necessary for the court to determine the questions presented, certify their accuracy, and append such copy of the portions of the transcripts to their briefs*." (Emphasis added).

**{¶ 7}** "In *Knapp v. Edwards Laboratories* (1980), 61 Ohio St.2d 197, 199, the Ohio Supreme Court stated: 'The duty to provide a transcript for appellate review falls upon the

appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. See *State v. Skaggs* (1978), 53 Ohio St.2d 162, 372 N.E.2d 1355. This principle is recognized in App.R. 9(B), which provides, in part, that "* * * the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record * * *." When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'" *State v. Lipscomb,* Montgomery App. 22519, 2008-Ohio-6235, ¶¶ 16-17; See also *State v. Matthews*, Montgomery App. No. 22650, 2009-Ohio-1289, ¶¶ 5-6.

{¶ 8} The State has merely provided an electronic transcript of the suppression hearings in videotape form. However, it has not provided the typed or printed portions of the transcript necessary for us to resolve the State's specific arguments. Without a printed transcript, we must presume the regularity of the trial court's proceedings on Watson's motion to suppress, *Lipscomb,* ¶ 18, and the State's arguments necessarily fail. While it is in our discretion to review the videotape before us, we have consistently held that "until the express requirements of App.R. 9(A) are changed, we decline to exercise our discretion to avoid the rule's requirement in order to cure [an] [a]ppellant's failure to comply with the express requirements of the rule."[1] *Matthews*, ¶7; *Credit Investments Inc. v. Kraus*, Montgomery App. No. 18825, 2001-Ohio-7706.

{¶ 9} The State's first and second assignments of error are overruled. The judgment of

---

[1] We note that App.R. 9 was recently amended, effective July 1, 2011. However, those changes do not apply to this case, nor would they change the outcome herein.

the trial court is affirmed.

. . . . . . . . . .

FAIN, J., concurs.

HALL, J., concurring:

{¶ 10} I concur in the judgment and reasoning of the majority. I write separately to indicate that with respect to those cases in which the former version of App.R. 9 applies, when an electronic transcript is filed without a printed version, it is within our discretion to choose to review the electronic version, even though we may routinely not do so merely to cure appellant's non-compliance with App.R. 9. There may be circumstances when a party could justify its specific request for us to review an electronic transcript. This could be of particular concern if an audio or audio/video recording demonstrates something that would not appear in a printed version.

. . . . . . . . . .

Copies mailed to:

Raymond J. Dundes
Michael P. Dailey
Hon. James D. Piergies